### JACK McHENRY v. THE STATE.

No. 2267. Decided March 6, 1901.

**1. Substitution of Statement of Facts—Construction of Statute.**

Article 884, Code of Criminal Procedure, authorizing the substitution of lost papers, pending an appeal, was not intended to fix the time for the substitution at the next term of court so as to make it absolutely of the essence of the right to substitute. The statute only requires that reasonable diligence should be used in the substitution. (See this case where the delay in the substitution of the statement of facts is held not to be unreasonable.)

**2. Jury Law—Requesting Additional Information of the Court—Corroboration of Accomplice Testimony—Practice.**

On a trial for burglary, where the accomplice had testified as a witness, and the jury, while considering of their verdict, came into court and requested the court to inform them if the direct evidence of an accomplice could be corroborated by circumstantial evidence, to which the judge simply replied "Yes," Held, the court should have gone further and instructed the jury as to the nature and effect of circumstantial evidence, and that the circumstances must come from witnesses, outside the accomplice, and tend to connect defendant with the offense charged.

**3. Burglary—Evidence—Res Inter Alios.**

On a trial for burglary, testimony to the effect that defendant's codefendant had given defendant's brother a pair of pants shown to have been stolen at the time of the burglary, was not admissible against defendant, he not being present and said testimony being res inter alios acta.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement of the facts of the case is necessary.

*Rob't B. Seay,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

The State has made a motion to strike out the statement of facts on two grounds: (1) That the same is a substituted statement, and was not substituted at the next term after the appeal was taken, but at the next succeeding term; (2) it does not appear that the original statement of facts was filed within the ten days, as required by law. In support of the State's contention we are referred to article 884, Code of Criminal Procedure. We do not believe that said article was intended to fix the time for the substitution of lost papers, so as to make it absolutely of the essence of the right to substitute. In some cases it would happen that the loss would not be discovered at the first ensuing term after the appeal was taken. We take it that the object of the statute was simply to authorize the substitution of lost papers pending the appeal, and to require that reasonable diligence should be used in the substitution thereof. In this case it does not appear that appellant was guilty of unreasonable delay in the substitution. We further hold that it reasonably appears from the affidavit that the original statement of facts was filed within the ten days allowed by order of the court. The judge and attorney both make affidavits that said statement of facts was left with the judge for his approval within the ten days, and that the judge agreed to approve and file the same with the clerk. While it is not the duty of the judge but of appellant, to file the statement of facts, yet, where the judge undertakes to do this for appellant this would constitute sufficient diligence on the part of appellant. Bigham v. State, 36 Texas Crim. Rep., 453; Wright v. State (Texas Crim. App.), 44 S. W. Rep., 151.

During the trial, and while the jury were out considering their verdict, they came into court, and requested the judge to inform them if the direct evidence of an accomplice in a crime can be corroborated by circumstantial evidence. To this question the judge simply replied, "Yes." Appellant complains that the judge should have gone further,

and in that connection have informed the jury of the nature and effect of circumstantial evidence; and furthermore, that the circumstances must come from witnesses outside the accomplice, and tend to connect appellant with the offense charged. While the judge in his original charge instructed the jury that the testimony of one accomplice could not corroborate another, and that the corroboration must tend to connect appellant with the commission of the offense, still we believe it would have been better, certainly it would have more securely safe-guarded appellant's rights, if, in connection with the response of the court to the jury's question, he had instructed them as requested by appellant. Juries generally are not skilled in matters of law, and have but a limited experience in applying the charge of the court to the facts of cases, and in this instance they may not have felt called upon to look back to the court's charge in order to determine the character of corroboration. Here they appeal to the court on a matter of circumstantial evidence, about which they were not instructed in the original charge, and we think the court in that connection should have instructed them as requested by appellant.

The State was permitted to prove, over appellant's objection, that Henry Nestor, one of appellant's codefendants, gave to John McHenry, a brother of appellant, a pair of pants, shown to have been stolen in the burglary. This was objected to on the ground that it was after the commission of the alleged offense; and no part of the conspiracy, if conspiracy had been proven, and because appellant was not present and had nothing to do with the presentation of the pants, and, being given to his brother, it was calculated to prove hurtful to appellant, inasmuch as it showed that his brother was the receiver of stolen property. We do not think this testimony was properly admitted. It was res inter alios acta, and could not affect appellant.

It is not necessary to discuss the action of the court overruling his motion for continuance, inasmuch as the case will be reversed on other grounds. However, we would remark that appellant appears to have used diligence to secure the witnesses Love and Matasola. Their testimony appears to have been material, and the explanation of the court we do not think was an answer to the application. The judgment is reversed and the cause remanded.

*Reversed and remanded.*