ATCHLEY PARKER v. THE STATE.

No. 1537.  Decided February 21, 1912.

Rehearing denied March 27, 1912.

1.—Theft of Cattle—Statement of Facts—Diligence.

Where counsel for the defendant used due diligence in preparing and filing a statement of facts, and the State's counsel declined to agree thereto, which failure of agreement was certified thereon by State's counsel and that of the defendant to the trial judge, and duly presented to him, it was the duty of such judge to prepare and file a statement of facts in due time, and a failure to do so is reversible error.

2.—Same—Statement of Facts—Transcript.

By the Act of the Thirty-First Legislature, p. 264, a statement of facts which was filed in the trial court after the transcript was filed in the Appellate Court, can not be considered, and where such delay was caused by no fault or negligence on the part of appellant or his counsel, the cause must be reversed and remanded. Distinguishing Tankersley v. State, 51 Texas Crim. Rep., 224, and other cases.

Appeal from the District Court of Titus.    Tried below before the Hon. P A. Turner.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rolston & Ward,* for appellant.—On the question of due diligence in filing statement of facts:    Cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question that the Appellate Court should consider the statement of facts and not reverse the judgment and remand the cause:    Tankersley v. State, 51 Texas Crim. Rep., 170; Bigham v. State, 36 Texas Crim. Rep., 453; Branch Crim. Law of Texas, section 41, page 21.

On question of delay and negligence in preparing statement of facts: Riojas v. State, 36 Texas Crim. App., 182.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft, his punishment being assessed at two years confinement in the penitentiary.

The court adjourned on the 15th of October.    An order of thirty days was entered in which to prepare statement of facts.    The statement of facts was prepared by appellant's counsel and carried to Texarkana on the 12th of November, within the thirty days allowed in which to prepare the same and deliver to the district attorney, Hon. Horace W. Vaughan, for his examination and approval.    On the same day defendant's counsel made application to Hon. P. A. Turner, district judge, who tried the case, for the further extension of time for filing the statement of facts, which was granted.    Before the expiration of the second thirty days allowed, to wit: on the 9th of December, the statement of facts had not been signed by the district attorney or agreed to or approved by him.    The district attorney at the time the statement of facts was handed to him agreed to examine same and if correct, agreed to approve and deliver to the judge for his approval, and return to the clerk of the District Court within reasonable time and within the time extended.    If found not correct, then he would turn same over to the judge with his statement so that the judge might prepare and file a statement of facts.    On the 9th of December affiant called the attention of the district attorney to the fact that he had not returned the statement of facts, and asked him to phone affiant if he could not agree to the statement of facts, the phone message to be at the expense of affiant.    This was done, and appellant's counsel went to Texarkana and saw Mr. Vaughn who declined to agree to the statement of facts, and wrote on the same his certificate of disagreement.    The document was then delivered at once to the district judge, Hon. P. A. Turner, and within the time allowed, with the statement that he and the district attorney had failed to agree.    Thereupon Judge Turner told af-

fiants that the attorneys of the district had given him very little trouble about agreeing to the statement of facts, and that he, Turner, would prepare and file a statement of facts in ample time, and would see that same was prepared and filed in the case. The statement of facts was left with the judge, but appellant and his counsel were not able to get the statement of facts approved and filed. On the 7th day of February, 1911, the statement of facts not having been filed, affiant wrote to Judge Turner and called his attention to that fact, reminding him of his agreement to prepare and file the statement of facts. At the time of making the affidavit, which was on the 29th of September, 1911, the statement of facts had not been prepared and filed by the district judge. The statement of facts, however, was subsequently prepared by the judge and filed in January, 1912, about fifteen months after the adjournment of the court at which appellant was tried, and long after the filing of the transcript in this court. The transcript in this record was filed in this court on October 22, 1911.

Appellant insists the judgment should be reversed because of his failure to get a statement of facts in order that the various legal questions raised upon the record might be properly considered. We are of opinion that appellant is correct, and that the law is with him in regard to this matter. This question has been frequently before the court, and appellant's contention in the various cases decided has been sustained. Ruston v. State, 15 Texas Crim. App., 336; same volume 377; Bingham v. State, 36 Texas Crim. Rep., 453. The Bingham case was approved in the following cases: Tankersly v. State, 51 Texas Crim. Rep., 170; Henderson v. State, 37 Texas Crim. Rep., 79; Baldwin v. State, 39 Texas Crim. Rep., 245; Napier v. State, 57 S. W. Rep., 649; Adams v. State, 60 S. W. Rep., 255. It has also been held in quite a number of cases that where the delay in filing statement of facts is the fault of the judge, appellant will not be held negligent. Muse v. State, 38 S. W. Rep., 607; McHenry v. State, 42 Texas Crim. Rep., 542. The showing made by appellant and his counsel in regard to diligence is ample under the law, and shows no negligence on his part in seeking to prepare his case for submission to this court. Appellant can not be held responsible under these circumstances for not having a statement of facts properly before the court and under the terms provided by statute.

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Prendergast, Judge, absent.

ON REHEARING.

March 27, 1912.

DAVIDSON, PRESIDING JUDGE.—This case is in the same condition and presents the same question on motion for rehearing as did the

Tom Edwards case, No. 1536, this day decided. For the reasons given in the Edwards case, the motion of the State for rehearing in this case is overruled.

*Overruled.*