### S. WERTHEIMER v. THE STATE.

#### No. 3315.    Decided November 25, 1914.

**1.—Embezzlement—Statement of Facts.**

Where the statement of facts was approved by counsel both for the State and for the defendant before reaching the trial judge, and the latter refused to consider the same because he was leaving the State on his vacation, and the appellant thereby lost his right to file his statement of facts within time without fault on his part or that of his counsel, the judgment must be reversed and the cause remanded. Following Parker v. State, 65 Texas Crim. Rep., 412, and other cases.

**2.—Same—Filing Back.**

The trial court has no authority to order a statement of facts filed back, and the clerk of the court is correct in not obeying the order.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. R. B. Seay.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms* and *A. S. Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of filing statement of facts: Riojas v. State, 36 Texas Crim. Rep., 182.

DAVIDSON, JUDGE.—Appellant was convicted of embezzlement, his punishment being assessed at two years confinement in the penitentiary.

The statement of facts was filed in the trial court on September 26, 1914, "as of July 27, 1914, by order of the court." The record shows that court adjourned on the 4th of July, entering an order allowing thirty days following a previous order for thirty days, in which to file statement of facts and bills of exception. The previous order reached to July 6th. This would have given appellant until August 6th in which to file his statement of facts and bills of exception. But con-

ceding he had ninety days from the adjournment of court on June 6th, this would have terminated on September 6th. It is shown without controversy that the statement of facts and bills of exception reached the judge on July 27th. The statement of facts was approved by counsel for both sides before reaching the judge. The judge refused to consider the same because he was leaving the State on his vacation, and about the 28th or 29th of July he left Texas and went to the State of Colorado, returning from that State about the 6th or 7th of September, possibly the 5th. Before leaving the State the judge entered an order authorizing appellant to file a statement of facts by September 15th. This would have been about ten days beyond the ninety days allowed by law. Without going into further detailed statement of the matter, the showing is made that without fault of defendant he failed to get a statement of facts filed until September 26th. To cover his absence, he extended the time to file the facts of his own volition to September 15th. Returning about the 5th of September, which would have been the end of the ninety days, the judge did not approve the facts until the 26th of September. The court had no authority to order the statement of facts filed back, and the clerk was correct in not obeying the order. There is some question of diligence on the part of appellant with reference to the bills of exception. It seems these reached the judge in time, but had not been presented to the county attorney for his inspection and approval. There was no want of diligence on the part of appellant's counsel to obtain a statement of facts, and. it is shown the statement of facts was filed beyond the ninety days, which, under the authority of Fowler v. State, 71 Texas Crim. Rep., 1, 158 S. W. Rep., 1117, could not be done. It is unnecessary to cite further authorities on this proposition. It follows, under all the authorities, that appellant is deprived of his statement of facts without his fault, and entitled to a reversal of the judgment for want of a statement of facts. See Branch's Criminal Law, section 41, for collation of authorities; Parker v. State, 65 Texas Crim. Rep., 412, 145 S. W. Rep., 347.

Without the statement of facts many questions can not be reviewed and are, therefore, not discussed.

The judgment is reversed and the cause is remanded.

·   *Reversed and remanded.*