### WILL GLASPER v. THE STATE.

#### No. 3466.    Decided March 10, 1915.

**1.—Robbery—Gaming—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence showed that the State's witness won defendant's money at a game of cards; that defendant drew a pistol and compelled the witness to give it back to him, the same was sufficient to sus-

tain a conviction, although defendant's theory of defense was that he only asked a loan from the witness, and denied the State's testimony.

### 2.—Same—Evidence—Bill of Exceptions.

Where appellant's bill of exceptions to the introduction of certain testimony was not filed within time, the same could not be considered on appeal.

### 3.—Same—Rule Stated—Statement of Facts—Bills of Exception.

The rule is different with reference to statements of facts and bills of exception; a statement of facts may be filed at any time within ninety days after adjournment of court, but bills of exception must be filed within the time allowed by the court.

### 4.—Same—Objections to Charge of Court.

In the absence of objections to the charge of the court before it was read to the jury, the same cannot be considered when these matters were not mentioned until in the amended motion for new trial.

Appeal from the District Court of Houston. Tried below before the Hon. John S. Prince.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*John I. Moore,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, his punishment being assessed at five years confinement in the penitentiary.

There were two theories presented by the testimony. The evidence for the State discloses that there was a monte game being exhibited, and appellant and a negro named Ringer were in the game. Ringer won appellant's money and started away. Appellant told him to stop or he would blow out his brains, at the same time making a demonstration as if to draw a pistol. This was in connection with the demand for the money from Ringer. A bystander named Evans, who had, as he says, staked Ringer, called upon Ringer to turn the money over to him. Appellant, with some forcible adjectives in connection, informed Ringer he must turn it over to Evans, which Ringer proceeded to do. This money, or most of it, had been won by Ringer from appellant in the game. Under this testimony appellant would be guilty of robbery whether he himself took the money or forced Ringer to turn it over to Evans.

The defendant's theory of the case was he had no pistol, made no demonstration, and did not demand of Ringer to turn over his money, and he and his witnesses who were present at the game testified that he asked Ringer, after Ringer had won all his money, to loan him two dollars on his, appellant's, watch, which Ringer declined. That Evans then claimed from Ringer half of the money he had won because he had staked Ringer, and was, therefore, entitled to half of the winnings, and

that Ringer turned over the money to Evans and went away.   Under this theory, of course, appellant would not be guilty of robbery.   The jury settled this question in favor of the State.

There was a bill of exceptions reserved to the introduction of some testimony from the witness Howard.   Howard was permitted to testify that some time during the day of this trouble, and at about three-quarters of a mile distant from where it occurred, he met Ringer and Ringer told him about the trouble and asked Howard's advice as to his course. Howard states that he told him he supposed appellant would return the money after a while.   When the motion for new trial was overruled appellant had thirty days allowed in which to file bill of exceptions. This time was not extended.   Court adjourned on the 24th day of November.   The bill of exceptions was not filed until the 15th day of January, fifty days after the adjournment of the court.   In order to have had this bill of exceptions considered it should have been filed within the thirty days or time should have been extended so as to cover the time in which it was filed.   The rule is different with reference to statements of facts and bills of exception.   A statement of facts may be filed at any time within ninety days after adjournment of court, but bills of exception must be filed within the time allowed.   In the amended motion for new trial there is some criticism of the court's charge and refusal to give special instructions.   These matters can not be considered as presented.   There was no exception taken to the charge before it was read to the jury, and the matters were not mentioned until in the amended motion for new trial.   Under the decisions of this court these matters can not be considered.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*