### R. W. HARR v. THE STATE.

No. 7199.   Decided May 23, 1923.

Rehearing denied June 25, 1924.

**1.—Negligent Homicide—Charge of Court—Different Counts.**

Where, upon trial of negligent homicide, the trial court instructed the jury that each of the things charged in the respective four counts was an unlawful act and that if they believed beyond a reasonable doubt that appellant did any one of said things in the manner alleged, and while so engaged did then and there strike and kill the deceased, that he should be found guilty, but it appeared that there were only two counts, to-wit: the sixth and seventh in the indictment in which there is no vice, but that the fourth and fifth counts in the indictment should have been quashed, and their submission to the jury over appellant's protest demands reversal of the judgment.

**2.—Same—Law Abiding Citizen—General Reputation—Evidence.**

Where the sixth and seventh counts in the indictment were based directly upon the proposition that defendant was doing an unlawful act in violation of a penal statute, it was reversible error to refuse to permit defendant to prove his general reputation as that of a law abiding citizen. Following: Coffee v. State, 1 Texas Crim. App., 548, and other cases.

**3.—Same—Practice on Appeal—Bills of Exception.**

Where this court was misled from the different dates in the record as to the filing of bills of exception, and it was shown afterwards by affidavit that the bills were filed within time, the same will be considered on appeal.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of negligent homicide; penalty, one year confinement in the county jail.

The opinion states the case.

*Oscar H. Calvert,* and *Baskett & DeLee,* for appellant.

(1)

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney and *R. G. Storey*, former Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County of negligent homicide, and his punishment fixed at one year in the county jail.

By the action of the court below in sustaining appellant's motion to quash as to certain counts in the indictment, only misdemeanor counts were left. Four counts were submitted to the jury, each charging negligent homicide in the second degree, that is, homicide by negligence in the performance of an unlawful act. In the first count submitted it was charged that appellant operated an automobile in a careless manner upon a public highway without due regard for the safety and convenience of pedestrians and other vehicles and traffic on such highway, and that while so operating same he caused the death of Miss Slevins; in the next count submitted it was charged that appellant operated said automobile and while turning upon a public highway failed to see if there was sufficient space for turning said car in safety and that he thus caused the death of said party; in the next count it was charged that appellant operated the car upon such highway while in an intoxicated condition and that he thus caused her death; and in the remaining count it was charged that appellant so operated his car from a half hour after sunset to a half hour before sunrise without proper lights, as to cause said death.

The trial court instructed the jury that each of the things charged in the respective counts was an unlawful act and that if they believed beyond a reasonable doubt that appellant did any one of said things above specified in the manner alleged and while so engaged did then and there strike and kill Mary Slevins, that he should be found gouilty and his punishment fixed as stated. The jury found a general verdict of guilty of negligent homicide of the second degree and fixed appellant's punishment as first mentioned.

We are confronted upon the threshold of this case with the following proposition in procedure. By law the terms of the Criminal District Court of Dallas County extend over eight weeks. Appellant's motion for new trial herein was overruled on March 27, 1922, and on that date the trial court entered an order granting thirty days "from this date" in which to file bills of exception. The trial term of the court below ended on April 1, 1922. No bills of exception were filed within thirty days from March 27th but on April 29th following, after the expiration of the period fixed originally by the trial court and after the end of said term, he attempted to extend the time for such filing by having an order made of said date directing the clerk to enter an order as of date April 26th giving additional time for filing bills of exception. We regret that under the uniform holdings of

this court we can not uphold the action of the learned trial judge. If the time originally given be not enough and it be desired that an extension of said time be had, an application must be made to the trial court within such time limit fixed and an order must be entered within the same time granting the extension. That the court attempted by an order dated after the expiration of the time and of the term, to have it appear that the extension order was made within the time limit originally fixed, adds no validity to such attempted extension. Griffin v. State, 59 Texas Crim. Rep., 424; Sanders v. State, 60 Texas Crim. Rep., 34; Armstrong v. State, 60 Texas Crim. Rep., 59; Pressley v. State, 60 Texas Crim. Rep., 102; Roberts v. State, 70 Texas Crim. Rep., 588; Glasper v. State, 76 Texas Crim. Rep., 310, 174 S. W. Rep., 585; Gowan v. State, 75 Texas Crim. Rep., 222; Wertheimer v. State, 75 Texas Crim. Rep., 356, 171 S. W. Rep., 224; Parker v. State, 83 Texas Crim. Rep., 81; Hart v. State, 86 Texas Crim. Rep., 653. Appellant's bills of exception were not filed herein until May 25, 1922, and, therefore, cannot be considered by us.

There appears in the record what purports to be exceptions taken to the charge of the trial court, but same are in no way authenticated or approved by the trial court and for such reason cannot be considered.

We find nothing wrong with the indictment, or that portion of it left after appellant's motion to quash was sustained as to certain counts.

The only question remaining is that of the sufficiency of the testimony. That the young lady in question was struck by appellant's automobile about 10:30 at night on a public highway, to-wit: Hall Street in the city of Dallas, and that her death was caused thereby, seems not in dispute. The State's testimony supports the proposition that appellant was under the influence of intoxicating liquor at the time. This he denies and to some extent supports his contention. The State's case rests upon the fact that appellant had turned north into Hall Street off of Cole Street and that he gave no signal or warning and had no lights upon his car until just before he struck deceased, and that he struck her with such force as to crush practically all of the ribs in one side of her body, to break one of her arms in several places, to fracture the bones in one hand and to cause a ragged wound across the front of her skull extending down about to her nose. Appellant asserts that he was not under the influence of liquor, that he had his lights on his car as he came west on Cole Street and before turning into Hall Street, and was going at a moderate rate of speed and sounded his horn. He testified that deceased and a companion were some forty feet up Hall Street and stopped as he turned his car and signaled and that deceased without any apparent reason started hurriedly in front of his car and was struck by one of his fenders and knocked down. We observe that a

number of State witnesses testified to the odor of liquor upon appellant's breath; to his stupid condition; to his acts and conversation, and to the finding of liquor in his car, which seem to justify them in expressing the belief that he was intoxicated. Two witnesses testified that he was not aware of the fact that he had struck a woman and seemed to think he had struck a man.

The court having submitted four counts in the indictment to the jury and a general verdict having been then returned, it would be our duty to refer the verdict to such counts as we deem to have support in the testimony and to be sufficient to charge offenses under the law. Without discussing the other counts which were left in the indictment after the court acted, and which were submitted to the jury,—we are of opinion that those counts which charge that appellant operated his car on a public highway while in an intoxicated condition, and that he operated his car without lights at night, were good and that there is testimony in this case sufficient to justify the jury in finding him guilty under either of said counts.

Regretting our inability to agree with appellant's contention that the evidence does not support the verdict, and finding no error in the record calling for a reversal, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1924.

HAWKINS, JUDGE.—On April 26th the trial judge actually made and entered on his court docket the order extending time to May 27th for filing bills of exception and statement of facts. This order was made within the period of the first extension. It was not entered in the minutes until April 29th; the clerk dated the entry as of that date with the notation "Entered as of April 26, 1922." This misled us to conclude the order was actually made on the 29th, but attempted to be dated back. As explained in the affidavits attached to the motion it shows we were in error in declining to consider the bills of exception.

As stated in the original opinion we have been unable to discover any vice in the sixth and seventh counts in the indictment; but the motion for rehearing has challenged our attention relative to the fourth and fifth counts which were also submitted to the jury and conviction thereon authorized. Subdivision 1 of Art. 1124, of our Penal Code in explaining what is meant by "unlawful acts" as they relate to negligent homicide defines them as "such acts as by the penal laws are called misdemeanors." Subdivision 2 of said article defines "unlawful acts" to be "such as are not penal offenses but

would give just cause for a civil action." The penalties provided for negligent homicide differ, depending on the homicide resulting from one or the other of this character of "unlawful acts." If it be based upon an "unlawful act" which is a misdemeanor (a penal offense) the penalty is imprisonment in the county jail not exceeding three years, or by fine not exceeding $5000. (Article 1126 P. C.) ; if it be based upon an "unlawful act" which is not a penal offense but which would give just cause for a civil action the penalty is by fine not exceeding $1000 and by imprisonment in the county jail not exceeding one year. (Art. 1127, P. C.) In the four counts submitted to the jury in the instant case the learned trial judge treated them all as charging negligent homicide growing out of the commission of an unlawful act which was a violation of the penal laws. This is apparent from the penalty which he authorized the jury to assess in the event of a conviction under the various counts.

The fourth count charges that appellant was "engaged in the performance of an unlawful act in that he was driving an automobile in a careless manner and without due regard to the safety and convenience of pedestrians" upon a street in the city of Dallas. This count is based upon subdivision A of Article 820K, Vernon's Tex. Civil and Crim. Statutes, 1922 Supp. It has heretofore been held in Russell v. State, 88 Texas Crim. Rep., 512, 228 S. W. 566, (reaffirmed in Synder v. State, 89 Texas Crim. Rep.; 192, 230 S. W. 146) that the section of the law in question is too indefinite and uncertain to define an offense, and that a prosecution based thereon cannot be maintained; therefore, so far as the fourth count undertook to charge negligent homicide based upon the performance of an alleged unlawful act which was a misdemeanor it was insufficient, and the charge of the court submitting that count to the jury with the penalty directed was unauthorized.

The fifth count, which was also submitted to the jury, attempts to charge negligent homicide in the performance of an "unlawful act" based upon subdivision K of Article 820K, Vernon's Texas Civil and Crim. Statutes, 1922 Supp. It reads as follows:

"(k) The person in charge of any vehicle in or upon any public highway, before turning, stopping or changing the course of such vehicle, shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course."

The wording would indicate that the thing in the mind of the Legislature at the time it wrote such provision in the law was the safety of other vehicles or occupants thereof which might be affected by the operation of the vehicle making the turn or changing its course.

We seriously doubt that a charge of negligent homicide based upon this provision of the law could be predicated upon an ''unlawful act'' which would be a misdemeanor. Under proper pleading it might be possible to charge a person with negligent homicide under the provisions of either subdivisions A or K of said Article 820K if the purpose was to charge that character of ''unlawful act'' which would give just cause for a civil action, but this does not appear to have been the purpose of the pleader in drawing the indictment in the instant case; it evidently was not so understood by the learned judge who tried it, because as heretofore suggested, the only penalty the jury was authorized to assess was that provided for the punishment of negligent homicide based upon an ''unlawful act'' amounting to a penal offense. It is stated in our original opinion that the exceptions to the court's charge were not authenticated by the trial judge. In this we were in error. We are of opinion that the fourth and fifth counts in the indictment should have been quashed, and their submission to the jury over appellant's protest demands a reversal of the judgment.

Appellant offered to prove his general reputation was that of a law-abiding citizen. The State interposed objection to this evidence upon the ground that it was immaterial in a case where negligent homicide was the charge being investigated. The learned trial judge sustained the objection upon the ground that appellant being charged with driving a car negligently only his reputation for being a careful and prudent man could be put in evidence. In this respect we think the court was in error. If appellant had been prosecuted directly for driving a car while he was intoxicated, or while the car was without lights, there would be little question raised as to his right to show a good reputation as a law-abiding citizen. The sixth and seventh counts in the indictment are based directly upon the proposition that he was doing an unlawful act in violation of a penal statute. We are of opinion the court's ruling in this particular was too restrictive and that appellant should not have been deprived of the tendered evidence. Wharton's Cr. Ev. 10th Ed. Vol. 1, Sec. 59; Underhill's Cr. Ev. 3d Ed. Sec. 136; Bishop's Cr. Proc. Vol. 1, Sec. 1113; Coffee v. State; 1 Tex. Cr. App., 548; Poynn v. State, (Tex. Cr. R.) 48 S. W. 516; Bishop v. State, 72 Texas Crim. Rep., 1; 160 S. W. 705 and other cases cited in Sec. 148, Branch's Ann. P. C.

For the errors discussed appellant's motion for rehearing is granted, the judgment of affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*