W. H. GREEN v. THE STATE.

No. 8698.    Delivered March 11, 1925.

**Violating Gaming Law—Information—Right to Copy—by Accused.**

Where a case was set for trial on the 23rd day of October, was not then tried, but on the 24th day of November was continued by operation of law, and reset for December 31st. On said last named date, when called for trial appellant by written motion requested a copy of the information which was refused. It does not appear that the case had been called for trial prior to that date, nor that appellant had requested a postponement or continuance. Under these facts appellant was entitled to a copy of the information, and for the error of the trial court in refusing same the cause must be reversed.

Appeal from the County Court of Jones County. Tried below before the Hon. J. F. Lindsey, Judge.

Appeal from a conviction for remaining in a place when a game of cards was being played; penalty, a fine of $25.00.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE—Appellant is under conviction for remaining in a place where a game of cards was being played. Punishment is assessed at a fine of $25.

No statement of facts accompanies the record. Only one bill of exception appears therein. It is shown that when the case was called for trial on December 31st appellant by written motion advised the court that he had never been furnished with a copy of the information, had never waived the same, and asked that he then be furnished with such copy. The request was denied. In explaining his action the court says that the case was filed on the 24th day of September; that on the 15th day of October, same being the first day of the October term, appellant and his attorney were both present in court, on which date the case was set to be tried on the 23d day of October; that it was not tried on that date, and that on the 24th of November it was continued by operation of law to the December term of court; that on the first day of that term it was again set for trial for December 31st; that the motion requesting a copy of the information was not presented to the court until the last named

date. It does not appear from the court's explanation why the case was not tried on the 23d day of October.

Where a defendant is on bail and without request for a copy of the charge against him continues his case it has been held to be such waiver of his right to demand a copy that refusal of a subsequent request therefor will not be cause for reversal. Rice v. State, 49 Texas Crim. Rep. 574; 94 S. W. 1024; Keener v. State, 51 Texas Crim. Rep 590; 103 S.W. 904; Revill v. State, 87 Texas Crim. Rep. 1, 218 S. W. 1044; Hutto v. State, (No 8393, not yet officially reported, opinion delivered December 17th, 1924). In the latter case many authorities were referred to and some of them discussed especially Revill's case (supra), calling attention to the different facts before the court upon motion for rehearing and upon the original submission. Upon motion for rehearing the Revill case was reversed because it appeared from an amended transcript that no order had been entered in the case at a former term which was not shown by the record upon which the original opinion was based. It does not appear from the bill in the present case that it had ever been called for trial, nor that appellant had ever been called upon to make an announcement therein. Upon the first day of the October term he and his counsel were present in the court room when the case was set for trial at a subsequent date, but it is not shown that they or either of them made any suggestion about the matter. There is nothing in the bill nor in the court's explanation thereto to advise us whether appellant was in any way responsible for the failure to try at that setting. It does appear affirmatively that the case was not continued at appellant's instance, but by operation of law. If the case was called for trial on the date of the original setting and had been postponed on application of appellant, it would have brought him within the principle announced in the Rice, Keener, Revill and Hutto cases (supra), but there is nothing in the bill nor the explanation thereto which shows this. From the face of the bill and the explanation the point appears to be brought under the rule announced in the opinion on rehearing in Revill's case (supra), and requires a holding that the court was in error in declining to direct that appellant be furnished with a copy of the information, and demands a reversal of the judgment for that reason, and it is so ordered.

*Reversed.*