MORRIS KHAN v. THE STATE.

No. 13517. Delivered May 7, 1930.
Rehearing granted June 27, 1930.
Reported in 30 S. W. (2d) 329.

The opinion states the case.

*D. S. Puri* and *J. D. Todd,* both of Corpus Christi, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

We find in the record no statement of facts nor any bill of exception and nothing is presented for review.

We note that appellant has been adjudged and sentenced to be guilty of "violation of the liquor law." We have several times called attention of the trial judges to the fact that this describes no offense known to our law. Such sentence will be reformed so as to adjudge appellant to be guilty of the unlawful possession of intoxicating liquor for the purpose of sale and as so reformed will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Upon re-examination of the record, we have observed that the trial was had before a person who was not the regular judge. The record is silent touching the election, appointment and qualification of the special judge. When the trial is had before a special judge, it is imperative that the record show his election and qualification. See Arts. 555 and 556, C. C. P., 1925. The precedents are collated in Petitte v. State, 21 S. W. (2d) 522.

The motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*