P. T. JOHNSON V. THE STATE.

No. 16465.   Delivered February 28, 1934.
State's Rehearing Denied April 11, 1934.

The opinion states the case.

*Schlofman & Merchant,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

LATTIMORE, JUDGE.—Conviction for assault; punishment, a fine of $5.

An inspection of the record shows that this case was tried before a special judge.   The record is entirely devoid of any

reason why or cause for the failure of the regular judge to sit; and likewise fails to show that the special judge was selected in any legal manner or form; and also fails to show that the special judge qualified or took the oath required. In Smith v. State, 24 Texas Crim. App., 290, reference was made to the modes prescribed by statute for the selection or appointment of a special judge, and to the further fact that it is required that the person so selected or appointed shall, before entering upon his duties, take the oath of office required by the Constitution, and reference is also made to the fact that the manner of the selection or appointment of such special judge, together with the reason therefor, and the fact that the oath of office was administered to him, shall be entered upon the minutes of the court as a part of the record in the cause, and the same must appear in the transcript on appeal. The same has been substantially held many times since. See Norman v. State, 102 Texas Crim. Rep., 5; McLemore v. State, 107 Texas Crim. Rep., 408; Mims v. State, 112 Texas Crim. Rep., 176; Khan v. State, 115 Texas Crim. Rep., 92. In the latter case this court said: "The record is silent touching the election, appointment and qualification of the special judge. When the trial is had before a special judge, it is imperative that the record show his election and qualification." Reference is made in the opinion to Petitte v. State, 21 S. W. (2d) 522, for collation of authorities.

For the reasons just mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in connection with which a supplemental transcript is furnished showing the election and qualification of the special judge who tried the case.

The reversal was predicated alone upon the omission from the original transcript of the matters mentioned. A number of other things were complained of originally but were not discussed.

Among other things appellant raises a question about the regularity of the election of the special judge, and also claims that he had been of counsel against appellant. These matters will not arise upon another trial, hence are not now discussed.

Appellant makes the point that the complaint did not support the information because the date of the alleged offense as shown in the complaint appears to be June 7, *19333*, an impossible date.

The original complaint was sent up in the transcript. We have inspected it and think there is no merit in the point.

When the case was called for trial appellant moved to quash the information upon the ground that there was a variance between it and the complaint. The motion was overruled, after which, however, the county attorney of his own motion dismissed the information and filed a new one based upon the same complaint and proposed to and did put appellant to trial on the new information. After it had been filed appellant objected to going to trial thereon, averring that he had not been arrested under the new information and also asserting that he was entitled to a copy thereof which was denied on the ground that appellant had waived his right in the premises. We may be confused in what the record shows, but we observe nothing which could be construed as a waiver. Article 490, C. C. P., provides:

"In misdemeanors, it shall not be necessary before trial to furnish the accused with a copy of the indictment or information; but he or his counsel may demand a copy, which shall be given as early as possible."

The refusal to furnish appellant with a copy of the new information seems to have been a violation of a mandatory statutory provision. Golden v. State, 92 Texas Crim. Rep., 553, 244 S. W., 816; Green v. State, 99 Texas Crim. Rep., 335, 269 S. W. 795.

The complaint and information alleged that the assault was made by appellant on one Leo Price who was the main State's witness, and who testified that appellant started a fight and struck the first blows. Appellant was the main defense witness. He testified that Price started the fight and struck the first blow. Bill of exception number nine shows that with the issue thus closely drawn appellant offered to prove by two named witnesses that they had known appellant for fifteen to twenty-five years, knew his general reputation as a peaceful, law-abiding citizen, and that it was good. Over objection by the State the proffered testimony was rejected. We see no reason why appellant should be deprived of said evidence in the present trial. See opinion on rehearing in the case of Harr v. State, 98 Texas Crim. Rep., 1, 263 S. W., 1055, and authorities therein cited.

The State's motion for rehearing is overruled.

*Overruled.*