erty is not criminal. As before stated, there must be knowledge on his part that the goods were stolen; and he must receive them with the fraudulent intent to convert them to his own use and deprive the owner of the goods or their value. This question has been decided so frequently that it is hardly necessary to cite authorities, but the statute requires that the defendant must receive the goods knowing them to be stolen." Authorities are cited supporting the proposition above quoted.

In Castleberry v. State, 35 Tex.Cr.R. 382, 383, 33 S.W. 875, 60 Am.St.Rep. 53, it is said: "Now, then, will the bare fact that the accused received the stolen property be sufficient proof, standing alone, that he knew the property was stolen when he received it? It will not."

If there be authorities contrary to those we have cited, we are not aware of them. The state's attorney with this court confesses error. Under these facts, we have no alternative.

The judgment will be reversed, and the cause remanded, because of the lack of testimony showing knowledge of the fact that the car was stolen, on the part of appellant.

Fletcher S. Jones and D. F. Sanders, both of Beaumont, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is theft, a felony; penalty assessed at confinement in the penitentiary for 2 years.

The statement of facts and bill of exception were filed 91 days after notice of appeal was given. Under article 760, C.C.P., a statement of facts filed more than 90 days after notice of appeal cannot be considered; and in the absence of an extension order, a bill of exception filed more than 30 days after the date of adjournment is not subject to consideration.

In the absence of the statement of facts and bill of exception, no question is presented for review.

The judgment is affirmed.