AUGUSTIN DE LA HAY, JESUS GUILLEN, MELQUIADES
HERNANDEZ, JOSE HERNANDEZ, LITO HOLGUIN,
ALCARIO RUIZ AND MARIA HERNANDEZ
v. THE STATE.

No. 18527.   Delivered November 12, 1936.
Rehearing Granted December 16, 1936.

The opinion states the case.

*Frank J. Galvan, Jr.,* of El Paso, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; a fine of $500.00 and one year each assessed against all seven of the appellants.

It appears from the facts, as detailed by the State witnesses, that in November, 1935, at a dance hall in Fabens, Texas, the injured party herein, Primero, was assaulted by appellants Augustin de la Hay, Melquiades Hernandez and Jesus Guillen, and severe injuries were inflicted, the instrument used by them having somewhat the appearance of a quirt. Primero testified that appellant Marie Hernandez accosted him and took him to the place in an alley where he was assaulted

by said parties, and she said to him "Here's where I wanted to get you, cabrone." This witness and others also testified that appellants Jose Hernandez, Lito Holguin and Alcario Ruiz were present and acted with those who were first mentioned in the assault upon Primero, and also that the parties last named took an active part in said assault. The evidence seems sufficient to support the verdict against all of said appellants.

Appellants have five bills of exceptions, but examination of the record leads us to the conclusion that same can not be considered because filed too late. Said bills of exceptions were filed on May 20, 1936. Appellants' motion for new trial was overruled on February 24, 1936, no time for filing bills of exceptions and statement of facts being mentioned in the overruling order. The trial term of the court below ended on February 29, 1936. Under our statute appellants' bills of exceptions should have been filed within thirty days after the end of the term of court. On April 11, 1936, the court below made an order granting leave to appellants to file statement of facts at any time not exceeding thirty days after the 23rd day of April, 1936. This was after the expiration of the time within which bills of exceptions could legally be filed in the cause. Thereafter appellants filed a motion asking that the order of the court referred to as of April 11th be made to also include bills of exceptions, so as that the order would grant to him the right to file bills of exceptions at any time not exceeding thirty days after April 23rd. The court below declined to grant the motion. We observe that the thirty days, allowed by statute for filing bills of exceptions,—having expired,—the court below would have had no right to make an order granting further time for filing such bills of exception. Many authorities might be cited as holding that after the time allowed by statute, or by order of the court, for filing bills of exceptions has expired,—the court is without power to grant further extension.

We see no error in the refusal of the requested charges.

Finding no error in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellants have filed a very courteous but well prepared motion for rehearing in which our attention is urgently called to what appears to be a lack of sufficient proof to show that the instruments or weapons used by

the appellants were deadly weapons. We have gone carefully over the record, having in view this contention, and are constrained to conclude that the evidence on the point is not of sufficient cogence to establish beyond a reasonable doubt that the weapon used was a deadly weapon. No physician or doctor was called to testify to the serious character of the wounds inflicted upon any of the injured parties by the use of the weapon referred to, which was variously described and named. If we understand the testimony, it was said to be an object having a handle covered with leather, at one end of which there appeared a leather container having in it a piece of metal said to weigh several ounces. None of the witnesses claimed this to be a deadly weapon except the assistant county attorney, and his testimony is self-contradictory on this point. It is possible that the stenographer did not correctly report the testimony of this witness, but that fact is not set up nor seriously contended for. Mr. Redic, the assistant county attorney, testified:

"I am not an expert in lines of deadly weapons. I have used a weapon as a deadly weapon hunting, but never against an individual. I would say that I think, from my own personal knowledge, that this is a deadly weapon, I think it would depend on the manner of its use. I would say that it might not be or might be, I don't think that anybody could say that it is a deadly weapon. I never saw it before until I got it out of our file when this trial started."

The punishment adjudged against each of the seven appellants was one year in the county jail, and a fine of $500.00. The testimony seems to show a general fight participated in by a number of Mexicans, among them these appellants. It would appear upon more mature consideration that the State should have introduced more testimony as to the deadly character of the weapons or instruments used in the assaults upon the injured parties. The same rules of evidence should be held to obtain in the case of these unknown Mexicans as would be required in any other case of like character.

Having concluded that we were in error in holding the testimony sufficient to show these appellants to have committed the assaults with a deadly weapon, the motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*