FIDEL BARRERA V. THE STATE.

No. 21418. Delivered February 5, 1941.

The opinion states the case.

*Frank Lane,* of Brackettville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of an aggravated assault, and his punishment assessed at confinement in the county jail for a period of sixty days.

It was charged in the complaint and information that on or about the 7th day of June, 1940, appellant committed an aggravated assault upon Adela Alcala by cutting her with a knife; that Fidel Barrera was then and there an adult male and the said Adela Alcala was then and there a female, etc.

The testimony shows that on the night in question appellant called at the home of Mrs. F. Alcala for the purpose of taking her daughter Ermila to a picture show. When he arrived at their home Adela, the injured female, met him at the door and told him that Ermila was in her bed asleep and declined to admit him. Appellant then forced the screen door open and entered over Adela's protest. As a result, a struggle ensued between Adela and appellant which aroused Ermila from her slumber. She went to the assistance of her sister and also called her mother. The two girls then took hold of the appellant's hands, shoved him up against the wall and held him while their mother took the knife from him. It is further shown that during the encounter Adela was cut on her finger.

Appellant took the witness-stand and testified in his own behalf. He admitted going to the home of Mrs. F. Alcala on the night in question for the purpose of taking Ermila to a picture show. He also admitted that Adela met him at the door but declined to let him in; that he entered over her protest which brought about an encounter between him and the girls; that during the struggle some one hit him on the top of the head with a glass object; that Adela was cut on her finger and it was bleeding. He denied that he did the cutting.

We think that the evidence is sufficient to sustain the conviction.

We find two bills of exception in the record which were filed too late to be considered. Appellant's motion for a new trial was overruled on the 27th day of July, 1940, at which time notice of appeal was given. The bills were not filed until Sep-

tember 23, 1940, which was fifty-eight days after adjournment of court. Under Art. 760, C. C. P., appellant had thirty days after adjournment in which to file the bills of exception unless the time was extended by an order of the court and entered upon the minutes. In the absence of such an order the bills of exception had to be filed within thirty days after adjournment of court. See Glasper v. State, 76 Tex. Cr. R. 310; Adams v. State, 94 Texas Cr. R. 636; De La Hay v. State, 99 S. W. (2d) 941; Gaddison v. State, 90 S. W. (2d) 256.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.