GEORGE COX V. STATE.

No. 24149. November 17, 1948.
Rehearing Denied February 2, 1949.
Leave to File Second Motion for Rehearing Denied February 16, 1949.

*E. A. Landman,* Athens, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is possession of whiskey in a dry area for the purpose of sale. The punishment assessed is a fine of five hundred dollars.

The record reflects that officers of Henderson County went to appellant's garage armed with a search warrant and searched same. The search revealed five and one-half quarts of whiskey. It was agreed by appellant and the state that Henderson County was a dry area.

Appellant denied that he had the whiskey for the purpose of sale. He claimed that he was a heavy drinker and had it for his personal use. This raised an issue of fact which the jury decided adversely to him. It is our opinion that the possession of more than one quart of whiskey, under the prima facie evidence statute, was sufficient upon which the jury could base their conclusion of his guilt.

There is one bill of exception in the record, but it was not filed within the time required by Sec. 5 of Art. 760, C. C. P. The record shows that the court adjourned on the 31st day of March,

1948. Although the bill does not bear a file mark, it does show that it was not approved by the presiding judge until the 27th day of May, 1948, which was more than 30 days after the adjournment of court. There is no order extending the time in which to file the same, therefore, the same will not be considered. See Barrera v. State, 141 Tex. Cr. R. 57 (147 S. W. (2d) 477), and cases there cited.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

It now appears that at the time notice of appeal was given the appellant was allowed ninety days from that date within which to file his bills of exception. The bill appearing in the record is therefore before us for consideration, and is a claim by appellant of jury misconduct.

This bill, upon its face, purports to set out the evidence heard upon the motion for new trial. The trial court qualified the bill by setting out the testimony of one of the jurors differently from that contained in the bill proper. Appellant, having accepted the bill as thus qualified, is bound thereby. In disposing of the question, the testimony of the juror, as set out in the qualification, controls and will be so considered.

The bill, as qualified, presents the following:

It appears that after the jury was impaneled and the state presented its testimony by two witnesses, court adjourned for lunch. During the lunch hour, one of the jurors trying the case and counsel for appellant met upon the streets, whereupon, according to the testimony of the juror, the following occurred:

"I remember passing Mr. E. A. Landman, George Cox's lawyer, as I was returning to the Courtroom after dinner the day he was being tried. I did not tell his lawyer, Mr. Landman, that I had talked to any of the jurors about George's case. I definitely had not discussed George's case with any of the jurors until it was disposed of in open court.

"Inasmuch as George was an old *fiend* of mine, I felt very kindly toward him, and inasmuch as I had served with four of

the jurors on another liquor case the day before, at which time he convicted another person in the case, I realized those particular jurors, as well as myself, would certainly convict George if the evidence presented to us convinced us that he was guilty.

"Therefore, when I passed George's attorney, Mr. Landman, on the way back to court from dinner, in an endeavor to 'fudge' for Geirge, I made this statement to Judge Landman: 'Judge, if George is guilty, I would go back to court and enter his plea of guilty, because I served with four of the jurors, trying his case yesterday, and they are men who will certainly convict him if they feel that he is guilty.' Judge Landman replied: 'George tells me that he is not guilty.' I then replied 'OK.' or words to that effect, and we walked up into the court room.

"One or more of the jurors were in favor of giving George a jail sentence, but I argued that he had a wife and children, and finally succeeded in getting the sentence agreed upon at five hundred dollars fine."

Appellant insists that such testimony shows that the juror conversed with another person about the case, and that under the provisions of Art. 671, C. C. P., Sec. 7 of Art. 753, C. C. P., and Art. 754, C. C. P., a new trial should have been awarded.

When a juror converses with some other person about the case on trial, the presumption of injury obtains and continues until the state has discharged the burden cast upon it of showing non-injury. Pearson v. State, 145 Tex. Cr. R. 87, 165 S. W. (2d) 725, and authorities cited under Art. 671, Vernon's C. C. P.

The conduct of the juror in this case is certainly not to be commended and should not have occurred. It occurs to us, however, that it was the purpose of the juror to help the appellant; certainly he was not trying to injure him. Nor do we agree that what the juror said showed that he had prejudged the case or was biased against appellant. It must be remembered that the juror had heard the state's testimony evidencing appellant's guilt at the time he conversed with appellant's counsel. His idea as to the probability of appellant being convicted by the other jurors could have been based upon that testimony.

The conclusion is expressed that the state discharged the burden cast upon it by showing non-injury.

The question as to the granting of a new trial under the circumstances and especially under Art. 754, C. C. P. was a matter addressed to the discretion of the trial court. Our review

of his ruling is limited to a determination as to whether he abused that discretion.

We are unable to reach the conclusion that he did.

The motion for rehearing is overruled.

Opinion approved by the Court.

ON SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has presented a request for leave to file second motion for rehearing. He seems to be aggrieved because in our opinion on rehearing we followed the qualification of the trial court on a bill of exception, which qualification was accepted without objection. We tried to point out in said opinion on rehearing that when such a qualification differed from the bill as originally drawn the qualification was controlling on the appellate court. The rule followed is too well established to call for authorities, or an extended discussion.

The request for leave to file second motion for rehearing is denied.