NO. 07-11-0309-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 26, 2011

_____


JOHANSON LEE WATSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 9480; HONORABLE DAN MIKE BIRD, JUDGE[1]

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**


On August 23, 2011, this Court *sua sponte* transferred to this cause number the

record from two previous mandamus proceedings[2] brought by Appellant, Johanson Lee

Watson. According to the limited record before this Court, on February 8, 1997,

---

[1]Hon. Stuart Messer, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

[2]*See In re Watson*, No. 07-11-00157-CV, 2011 Tex. App. LEXIS 6493 (Tex.App.--Amarillo Aug. 15, 2011, orig. proceeding), and *In re Watson*, No. 07-11-0177-CV. 2011 Tex. App. LEXIS 6482 (Tex.App.--Amarillo Aug. 15, 2011).

Appellant was indicted in trial court cause number 9479 for the offense of sexual assault of a child. That same date, he was also indicted in trial court cause number 9480 for the offense burglary of a habitation. Pursuant to a plea bargain agreement with the State, Appellant agreed to plead guilty to the sexual assault offense in exchange for the dismissal of the burglary of a habitation case. A judgment of conviction was entered in cause number 9479 on August 8, 1997. The indictment in cause number 9480 was subsequently dismissed.

On January 18, 2011, Relator filed a *Motion for Leave for Judgment Nunc Pro Tunc* in both trial court cause numbers, arguing that the oral pronouncement at the sentencing hearing in 1997 conflicted with the trial court's written judgment in cause number 9479. In April 2011, proceeding *pro* se *and in forma pauperis,* Appellant filed a mandamus proceeding in this Court in cause number 07-11-0177-CV, seeking to compel the trial court to rule on that motion. This Court requested a response from the trial court. In lieu of a response, on June 10, 2011, the trial court conducted a hearing on Appellant's motion. Following that hearing, the trial court denied the request for a judgment *nunc pro tunc* and entered a written order memorializing that ruling. Appellant's court-appointed counsel filed a notice of appeal from that ruling, bearing cause number 9480, which notice gave rise to the instant appeal.[3]

A notice of appeal reflecting a cause number for which there is no sentence or final judgment of conviction does not invoke our jurisdiction. *See Ex parte Rathmell*, 717 S.W.2d 33, 48 (Tex.Crim.App. 1986). *See also De Silva v. State*, 98 Tex.Crim.

---

[3]Appellant's appointed counsel also filed a notice of appeal from that ruling, bearing cause number 9479, which notice gave rise to the appeal in cause number 07-11-0308-CR.

499, 267 S.W.271, 272 (1924) (noting that appeals are normally limited to a person convicted of offenses and those denied release under writ of habeas corpus).

No conviction having ever been entered in the cause number 9480, there is no final judgment from which an appeal may be prosecuted. Consequently, this purported appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.