## EX PARTE STANLEY WOOD,

Nos. *18099* and *18104* (Consolidated). *Delivered October 16, 1935.*
State's Rehearing Denied November 20, 1935.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*A. O. Newman,* Dist. Atty., and *Walter Woodward,* both of Coleman, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the District Court of Brown County denying to the relator bail and remanding him to the custody of the sheriff of said county.

The record before us discloses that on the 30th day of June, 1935, relator was convicted of the offense of murder and his punishment was assessed at confinement in the penitentiary for a term of ten years. On the 8th day of July, 1935, the court pronounced sentence upon relator, to which he, by his counsel, then and there in open court excepted and gave notice of appeal to the Court of Criminal Appeals of the State of Texas, and asked the court to fix the amount of his bond pending the appeal. Thereupon the district attorney said to the court that inas much as the relator seemed to be dissatisfied with the verdict of the jury, and inasmuch as he (the district attorney) was of

the opinion that some errors were committed in the trial of the case which might cause a reversal of the judgment, therefore he, as the representative of the State, was willing and asked that a new trial be granted to the relator, to which counsel for relator vigorously protested, stating that he had filed no motion for a new trial and was not asking for a new trial. Whereupon the court remarked that "Defendant will either have to accept and serve his sentence or a new trial will be granted." Then the relator, after having conferred with his counsel for a few minutes, in open court, in person, stated that he asked to withdraw his notice of appeal and accept sentence, notwithstanding the advice of his counsel to the contrary, to which the court replied that it appeared to him that relator had not definitely decided what he wanted to do, and the court would defer action in the matter until the 19th day of July. On July 19th the court entered an order as of July 8th, granting a new trial and remanding the relator to the custody of the sheriff. Thereafter relator sued out a writ of habeas corpus before said court, setting up that he was illegally restrained by the sheriff and asking his release from custody. Upon the hearing of the writ he was again remanded to the custody of the sheriff, from which order he has appealed to this court.

The relator's contention before this court is that if the trial court had a legal right, under the facts as above stated, to grant a new trial then he (relator) was entitled to bail during the pendency of his case while awaiting another trial, but if the trial court did not have the legal right to make such an order then the proper place for relator to be confined was the state penitentiary, and that he was illegally held in the county jail and prevented from serving his sentence. There are many legal questions urged by both relator and the State for our consideration, but in view of the disposition we are making of this case we do not deem it necessary to discuss them. If the court was right in concluding that the action of the relator, in excepting to the sentence and the giving of notice of appeal, was tantamount to a motion for a new trial, still his withdrawal of the notice of appeal before any new trial was granted was within itself a withdrawal of the motion for a new trial.

It is the well-settled law of this State that a defendant may waive every legal right except the right of trial by jury, and that may be waived now in certain cases and under certain circumstances. Hence, relator could waive all the errors, if any, which were committed in the trial of the case. He could also withdraw his notice of appeal if he desired to do so even

though his attorney wished to appeal. See Ex parte Maple, 116 Texas Crim. Rep., 383, 33 S. W. (2d) 734. It is our opinion that when the relator, in open court, verbally withdrew his notice of appeal after the court had indicated that relator would either have to accept and serve his sentence or he would grant a new trial, that the judgment of conviction and the sentence pronounced upon him in pursuance thereof became final and no further orders could be made legally in his behalf except at his instance. Hence, the order of the court granting a new trial was nugatory and of no force and effect. It is therefore ordered that the sheriff of Brown County deliver the relator to the duly authorized agent of the State of Texas to be conveyed to the state penitentiary, where he will be confined and required to serve the State for a period of time not less than two nor more than ten years in accordance with the judgment and the sentence pronounced upon him by the court.

From what we have said it follows that all other matters incident to the main question involved are necessarily included in the disposition of the controlling issue.

The order of the trial court granting a new trial is in all things set aside, but the judgment and sentence, as pronounced upon relator by the court, is upheld and affirmed.

*Order granting new trial set aside and judgment and sentence affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing. Because of the novel question presented and the peculiar manner in which it arose this case was given more than ordinary consideration upon original submission. Counsel for the State suggests some matters in the motion which might call for further discussion if the question upon which our decision turned had arisen in a different way.

The State's motion for rehearing is overruled.

*Overruled.*