## RATTLEY v. IRELAN.

### No. 11164.

United States Court of Appeals
District of Columbia Circuit.

Decided April 15, 1952.

Curtis P. Mitchell and Frank D. Reeves, Washington, D. C., for appellant.

William E. Kirk, Jr., Asst. U. S. Atty., for appellee. Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., also entered appearances for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

STEPHENS, Chief Judge.

The question under this motion is whether or not, in view of the provisions of paragraphs (a) and (b) of Rule 7 of the Federal Rules of Criminal Procedure, 18 U.S. C.A., a waiver of indictment obligates the United States Attorney to prosecute by information. The terms of paragraphs (a) and (b) of the Rule are as follows:

(a) **Use of Indictment or Information.** An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court.

(b) **Waiver of Indictment.** An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment.

586

The question arises as follows: The appellant Rattley filed in the United States District Court for the District of Columbia an amended complaint alleging and praying, in substance and effect, the following:

Rattley was arrested in the District of Columbia upon a charge of larceny by a postal employee from the United States mails. Upon being taken before the United States Commissioner for a preliminary hearing, he waived his right to such a hearing and declared, in view of the provisions of paragraphs (a) and (b) of Rule 7, his intention to waive indictment and plead guilty to an information. Thereafter Rattley, through his counsel, informed the United States Attorney for the District of Columbia of the foregoing and requested him to draft and file in the United States District Court for the District of Columbia an information charging Rattley with the offense above described. This the United States Attorney refused to do. This was a wrongful denial to Rattley of a valuable statutory right and was an abuse of discretion of the United States Attorney, if any discretion he had. Wherefore, Rattley prays for the issuance by the District Court against the United States Attorney of a mandatory injunction requiring him to file the requested information.

The United States Attorney filed a motion to dismiss the amended complaint upon the ground that it failed to state a claim upon which relief could be granted. The District Court granted that motion and ordered the complaint dismissed. From that order of dismissal the present appeal was taken. The United States Attorney, as appellee, then filed the present motion to affirm.

■ The contention of Rattley is that under the words of paragraphs (a) and (b) of Rule 7 the United States Attorney is, upon waiver of indictment, bound to proceed by information. The contention of the United States Attorney is that Rule 7 vests him with discretion to proceed by information, if indictment is waived, but does not require him so to proceed. We think the contention of the United States Attorney is correct. The words of Rule 7 are that if indictment is waived the offense *"may be prosecuted by information."* (Emphasis supplied.) We find nothing in the history of the Rule nor in its apparent purpose which would warrant construing "may" to mean "must."

■ Rattley relies upon United States v. Gill (Dist. of New Mexico, 1931), 55 F.2d 399; and Barkman v. Sanford (5 Cir., 1947), 162 F.2d 592. Neither of these cases supports his contention. United States v. Gill involved two questions: First, may a defendant charged with a felony waive the provision of the Fifth Amendment that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ." and consent to be charged by information; second, assuming that indictment may be waived, has the United States Attorney authority to charge the commission of a felony by information. In the opinion of the District Court, written by then Circuit Judge, now Chief Judge, Phillips, it was ruled in answer to the first question that the Fifth Amendment creates a personal right or privilege which may be waived; and in answer to the second question, that in the absence of a statute the United States Attorney cannot proceed, where the offense is a felony, by information for the reason that federal practice, in the absence of a statute, follows the common law—which limited prosecution by information to misdemeanors. Obviously the case, on the contrary of holding that upon waiver of an indictment the United States Attorney must proceed by information, holds that he cannot so proceed where the charge is a felony. Moreover, that ruling is no longer valid, since Rule 7, effective March 21, 1946 (as appears above United States v. Gill was decided in 1931), has the force of statute and therefore abrogates the common law limitation. In Barkman v. Sanford, the sole question presented was: "do subsections (a) and (b) of Rule 7, Federal Rules of Criminal Procedure . . . authorizing the prosecution of a defendant, in a non-capital felony, upon information, provided he waives an indictment by a grand jury, violate the provision of the Fifth Amendment that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'" Again it was held, in an opinion by Waller, Circuit Judge, speaking for the court consisting of Judges Hutcheson and McCord and himself, that this constitutional guaranty is designed merely to confer a right or privilege upon a person and that it is not a limitation upon the

power or jurisdiction of the United States Courts. The court ruled, therefore, that the provision of Rule 7 concerning waiver is not unconstitutional. That is all that the case holds on its facts. The opinion of the court contains language to the effect that the right of one who has no defense to offer speedily to begin the service of his sentence is an important right, that a defendant is entitled to a speedy trial, that the sentence is a part of the trial, that an accused who wishes to waive a formal trial is entitled also to secure, if he desires, a speedy sentence, and that the baneful effect of keeping young, first-offenders in a common jail in company with case-hardened criminals has had legislative attention, notably in the Federal Juvenile Delinquency Act, 18 U.S.C.A. § 5031 et seq. The implication of this is that where an indictment is waived by a defendant in a criminal case he should, in the interest of speed, be prosecuted by information. That is however but a dictum. Even as such it does not imply that there *must* be prosecution by information.

The motion to affirm the order of the District Court is granted.