### DAVID LEE MERCER V. STATE

No. 28,258. April 18, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 30, 1956.

*C. S. Farmer,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for driving a motor vehicle upon a public highway while intoxicated, the jury having assessed the punishment at 3 days in jail and a $50 fine.

The record contains no statement of facts and reliance for reversal is upon one bill of exception.

The bill complains of the overruling of a motion sworn to by appellant and filed on the day of the trial requesting that he be furnished with a copy of the information against him.

The motion is set out in the bill and contains the averment (1) that appellant had never been furnished with such a copy; (2) that neither he nor his attorney had waived same, and

(3) that he had not previously been called upon to plead to the information.

The bill as drawn certifies that the motion was filed and presented before appellant had pled to the information and before any announcement; that the motion was overruled and the request denied and that appellant excepted.

The trial court qualified the bill so as to show that before appellant made bond and on the day the complaint was filed appellant was brought before the court, informed that he was charged with driving while intoxicated and, upon being asked as to his plea, replied "Not guilty."

There is no certification by the court that appellant had not been furnished a copy of the information and no certification that neither he nor his attorney had waived same. Not only is there no certification that appellant had not previously been called upon to plead to the information, but the qualifications to the bill appear to dispute the allegations of the motion.

The transcript shows that the complaint and information were filed on January 6, 1955, and the motion was filed and presented on October 12, 1955, when the case was called for trial and tried.

Appellant relies upon Green v. State, 99 Tex. Cr. R. 335, 269 S.W. 795.

Pipes v. State, 146 Tex. Cr. R. 282, 174, S.W. 2d 260, is more nearly in point under the facts and is authority for the conclusion that the bill of exception is insufficient in that the averments of the motion do not establish as a fact that the appellant did not have a copy of the information or that circumstances did not exist which constituted a waiver of his right to demand that a copy be furnished him.

"It devolves upon the appellant to negative all matters which might show a waiver, in the absence of which the bill fails to reflect error." Pipes v. State, supra.

The case of Green v. State, supra, would appear to support appellant's position if the bill was sufficient to show that appellant was not furnished a copy of the information and did not waive same.

In the absence of a certification by the trial judge that the allegations of the motion were true or were sustained by proof, we conclude that the bill of exception does not show reversible error.

The judgment is affirmed.