**Kenneth Doyle TAFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39773.

Court of Criminal Appeals of Texas.

Oct. 26, 1966.

---

I. All references to statutes are to Vernon's Texas Civil Statutes.

Max Blankenship, Fort Worth, Court Appointed on Appeal, for appellant.

Doug Crouch, Dist. Atty., Truman Power, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

The conviction is for burglary with a prior conviction for burglary alleged for enhancement; the punishment, twelve years.

Notice of appeal was given prior to January 1, 1966.

In the absence of the jury, proof of the prior conviction as alleged and of the identity of the appellant as the same person convicted therefor was stipulated by and between the appellant and his counsel and counsel for the state.

The testimony of the owners of a television set and the residence from which the television was taken during the daytime after a forcible entry of the residence, which was closed, the testimony of the officer who recovered the television which was returned to and identified by the owners, and the testimony of the person who identified the appellant as the person from whom she bought the television shortly after the forcible entry of the residence and the taking of the television without the consent of said owners, is sufficient to sustain the conviction.

The appellant did not testify or offer any evidence in his behalf.

The court charged the jury upon the law applicable to circumstantial evidence.

Appellant complains of the stipulation, made in the absence of the jury, of the prior conviction alleged because in precluding the state from reading the enhancement allegation it constituted a denial of due process by requiring him to elect to waive alternatively his right to a fair and impartial trial by a jury or of his right not to be compelled to give self-incriminating testimony.

The method of procedure complained of has been previously considered and held not to constitute a violation of due process. Taylor v. State, Tex.Cr.App., 398 S.W.2d 559.

Error is urged in the action of the trial court in sustaining the state's objection to appellant's question directed to the owner of the residence to-wit: "Do you like Roland Taff?"

The objection was sustained and the question was not answered. No showing is

made of what the answer would have been. No incriminating connection is shown on the part of Roland with the burglary or the taking of the television. No error is presented.

The judgment is affirmed.

Opinion approved by the Court.