William J. Cbaugle, J.
From the papers submitted upon this motion it would appear without dispute that the defendant was convicted in the Supreme Court, Schenectady County on September 26, 1947 upon his plea of guilty to the crime of burglary, third degree. This is a motion to set aside that conviction upon the ground that no indictment is presently upon file in the Schenectady County Clerk’s office to support the conviction. The defendant is now incarcerated at Clinton Prison in Dannemora as a second felony offender under a sentence imposed by the County Court of Schenectady County on January 15, 1957 at which time the court relied upon the validity of the 1947 conviction.
There are no facts set forth in defendant’s moving papers concerning the events and circumstances 'surrounding his plea of guilty and subsequent conviction in 1947. He admits the ‘ ‘ judgment of conviction entered in this court on the 26th day of September, 1947 pursuant to his plea of guilty ”. It is reasonable to assume in the absence of an allegation to the contrary that he pleaded guilty after arraignment upon an indictment. He now merely states that no indictment is on file in the County Clerk’s office. The District Attorney does not deny this but states that he has a copy of the indictment in his files.
Of course an indictment is an essential element in the prosecution of a felony and it may not be waived by the defendant. (People v. Miles, 289 N. Y. 360.) But the defendant does not allege that he was not charged by indictment in 1947, nor that he was improperly arraigned or misinformed as to the charge against him, nor that he was in any way unfairly or illegally dealt with at that time.
His sole complaint is that he has been deprived of due process of law in that at the present time no indictment may be found on file in the County Clerk’s office. He states that it must be inferred therefrom that none was filed pursuant to section 272 of the Code of Criminal Procedure and that this failure to file is a jurisdictional defect fatal to any conviction for the crime charged in the indictment.
*1036 Even if this were true it was an error clearly discernible from the record and therefore properly reviewable only by appeal. (People v. Caminito, 3 N Y 2d 596.)
However I do not agree that a failure to physically place the indictment in the County Clerk’s office is a defect so fundamental as to deprive the defendant of due process of law. The statute’s purpose is to provide a permanent record. Surely any defendant injured because of a failure to comply with the section would be entitled to call upon the protection of the statute for appropriate relief. An example of this might be a case where a defendant has been reindicted for the same crime. However, there is nothing in the wording of the statute “ indicating an intention on the part of the legislature that the indictment should be void if not so filed ”. (Dawson v. People, 25 N. Y. 399, 405-406.)
Upon the allegations of the defendant in this case it is apparent that he has suffered no injury which might be attributed to the defect alleged and that his conviction should not be set aside. The defendant’s application is dismissed.