**Bobby Ray WILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41469.**

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

---

Charles E. Huebner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Joseph W. Doucette, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is wilfully injuring property belonging to another without the consent of the owner. (Art. 1350 Vernon's Ann. P.C.)

The indictment alleged that appellant did wilfully injure a building belonging to Josephine Manley by breaking a door facing, the extent of such injury being less than $50.00.

Appellant chose to represent himself at his jury trial on his plea of not guilty. Upon the return of a verdict of guilty, with punishment assessed at 90 days in jail and a fine of $500.00, he immediately obtained counsel who, on the same day judgment was rendered, filed motion for new trial.

Appellant's amended motion for new trial having been overruled and sentence pronounced, notice of appeal was given.

The record on appeal, including a transcript of the court reporter's notes, being filed and approved, appellant's counsel filed his appellate brief and, the state having also filed brief, the appeal was submitted in this court on such briefs.

Appellant's brief first complains that the trial judge erred in failing to arrange for or appoint effective counsel to assist appellant in the trial of his case.

The record reflects that appellant was informed by the court that he could "hire a lawyer or have a lawyer appointed by the court," and that appellant "informed the court he wishes to defend himself, handle his own case." No question of indigency is presented.

The ground of error is without merit.

Appellant next complains of the court's remark in the presence of the jury as to such information and waiver of the right of counsel.

We see no error or prejudice in the court's remark.

The evidence reflected by the record is to the effect that after midnight appellant went to the locked door of Apartment 57, of the Mark Twain Apartments, which his estranged wife had rented from Mrs. Josephine Manley, and upon being denied admission by his fifteen year old step-daughter, who was alone in the apartment at the time, he forced his way into the apartment and in doing so broke the door facing and injured the building to the extent of $30.00 to $35.00, without the consent of the owner of the building.

Four grounds of error relate to the examination of the witness Neva Brumley, step-daughter of appellant, who testified as a witness for the state and was cross-examined by appellant, and was later called as a defense witness (as was her mother, appellant's estranged wife).

The trial court appears to have endeavored to restrict the evidence offered by appellant to matters pertinent to the charge that appellant wilfully injured the building by breaking the door facing, while appellant appeared to be intent upon setting up as a defense to such charge the fact that the apartment which his estranged wife had rented for herself and her children after leaving appellant was his home and he had the right to break in, though in doing so he broke the door facing and injured the building.

In view of the record, the contention that appellant was denied due process of law or a fair trial by the refusal of the court to allow him to impeach or attempt to impeach his step-daughter or to show bias, prejudice and motive on her part by interrogating her as to her surroundings; conversations between her mother and father and concerning the Judge of the Court of Domestic Relations, is overruled.

We find no merit in appellant's contention that he had a right to break into the apartment or that the injury to the building was not wilfully done.

The judgment is affirmed.