## (December 22, 1969)

In the Matter of LESTER R. DIMOND, JR., Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— Application by respondent to vacate order of this court dated June 3, 1968, which disbarred him as an attorney and counselor at law, to reinstate him, and for other related relief. Application denied. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

In the Matter of FRANKLIN E. SIMONSON, as Foreman of the December Term, 1969, Grand Jury, Petitioner, v. WILLIAM CAHN, as District Attorney of the County of Nassau, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to prohibit the respondent District Attorney from prosecuting, and the respondent Judges from entertaining or otherwise assuming jurisdiction of, a criminal action against one Clarence Smith for violation of sections 220.05 and 265.05 of the Penal Law until a Grand Jury of Nassau County returns an indictment in the matter. Application granted, without costs; the respondent District Attorney is hereby restrained from prosecuting, and the respondent Judges of the County Court, Nassau County, are hereby restrained from entertaining or assuming jurisdiction of, the criminal action against Clarence Smith upon the charges in question until a Grand Jury of Nassau County returns an indictment against him upon said charges. It is the law of this State that a defendant may not be prosecuted for a felony unless he has been indicted by a Grand Jury. Until the Grand Jury has acted, no court can acquire jurisdiction to try the charge. A defendant's waiver of this constitutional right and his consent to be prosecuted upon an information cannot confer jurisdiction to proceed and any conviction thereafter obtained would be a nullity (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314, 319–321; see *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361, 365). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.