**James Richard KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44796.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

---

4. Caution must be exercised in the use of a final conviction. See Mason v. State, Tex.Cr.App., 438 S.W.2d 556.

J. Rodney Brister, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal challenges the constitutionality of an important innovation in Texas criminal procedure.

May an individual represented by counsel voluntarily waive the formal accusation or presentment of a grand jury indictment in a non-capital felony case and agree to be charged by an information signed by the prosecuting attorney?

Thus the question of the constitutionality of Article 1.141, Vernon's Ann.C.C.P. (Acts 1971, 62nd Leg., Chpt. 260–S.B. 116, effective May 19, 1971) is presented in light of Article I, Sec. 10 of the Texas Constitution, Vernon's Ann.St. requiring an indictment in all felony cases.

### *The Instant Case*

On June 9, 1971, the appellant entered pleas of guilty before the court to two felonies less than capital for which he had been indicted. At the same time, while represented by counsel, he waived the right to be charged by indictment with the noncapital offense of unlawfully receiving a credit card knowing the same to be stolen. A complaint and information were then filed. The appellant waived trial by jury and entered a guilty plea before the court in Cause No. C–71–4458–H. The appellant was duly admonished by the court as to the consequences of his guilty plea in each of the three cases, evidence was heard and

the court assessed punishment at 2 years in the instant case. The notice of appeal was given only in Cause No. C–71–4458–H. It is appellant's contention that the state constitutional provision for an indictment is not a personal right that may be waived but that it is jurisdictional—a limitation upon the court's power rather than a privilege to the defendant. It is appellant's contention that the district court lacked jurisdiction to hear the case without the return of an indictment and that it should not have allowed him to enter a waiver of the same.

Article 1.141, supra, provides:

"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information."

Such statute enacted by the last session of the Legislature must be viewed in the light of Article I, Sec. 10 (Rights of accused in criminal prosecutions), Texas Constitution, which reads:

"In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide; *and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the*

*punishment is by fine or imprisonment, otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army or navy, or in the militia, when in actual service in time of war or public danger."* (emphasis supplied) See also Article 1.05, V.A.C.C.P.

If such constitutional requirement is jurisdictional then the district court never acquired jurisdiction in the instant case and the conviction must be reversed. If, on the other hand, the requirement is only a privilege or right of an accused, which guarantee was waived in accordance with the statute, then the conviction must be affirmed.

### At Common Law

The grand jury as first utilized in England was a group of citizens that met occasionally to discuss the action of their neighbors and to ascertain those responsible for crimes committed within the community. It was a device through which information concerning matters of interest to the Crown was obtained. 2 Pollock and Maitland, History of English Law 641, 649 (2d ed., 1898). Note, Waiver of Indictment—Election to be Tried on Information, 24 Ill.L.Rev. 319, 320 (1929). Perhaps as early as the first revolt against the Stuarts the grand jury had begun to be used for the purpose of protecting subjects against arbitrary accusations by the Crown. See McClintock, Indictment by a Grand Jury, 26 Minn.L.Rev. 153 (1942). And there was a reliance upon the grand jury procedure in the American colonies for this same reason. It was not surprising then that the Fifth Amendment with its requirement of a grand jury indictment was adopted or that similar requirements were incorporated into state constitutions.

Further, it should be remembered that:

"At common law all offenses above the grade of misdemeanor must be prosecuted by indictment, for it was the policy of the common law that no man should be put on his trial for felony, for which the punishment was death, until the necessity therefor should first be determined by a grand jury on oath. However, in the case of misdemeanors an indictment was not necessary." 42 C.J.S. Indictments & Informations § 9 at 837.

Thus an indictment by a grand jury provided "a means of protection to the citizen against the dangers of a false accusation, or the still greater peril of a sacrifice to public clamor." In re Wilcox, 153 Misc. 761, 276 N.Y.S. 117, 121 (1934).

■ May the constitutional guaranty arising out of such a historical background be waived by an accused? First we turn to the federal constitutional provision.

### The Federal Constitutional Requirement

United States v. Gill, 55 F.2d 399 (D.N. M.1931), after reviewing at length the common law history of the federal constitutionality guaranty of a grand jury indictment, concluded that such guaranty was a personal privilege which could be waived, but in absence of a statute authorizing such a waiver the common law governed criminal procedure in federal courts[1] and that the common law did not permit waiver or prosecution of felonies on informations. The Court noted other constitutional rights which were waivable.

Rule 7 of the Federal Rules of Criminal Procedure was subsequently enacted and became effective on March 21, 1946.

In Barkman v. Sanford, 162 F.2d 592 (5th Cir. 1947), cert. den. 332 U.S. 816, 68 S.Ct. 155, 92 L.Ed. 393, the Fifth Circuit was presented with the question of whether Rule 7, subsection (a) and (b), similar to the provisions of Article 1.141, here in question, was violative of that portion of

---

[1]. It is observed that our Article 1.27, V.A.C.C.P., 1965, provides: "If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern."

the Fifth Amendment, United States Constitution, which states:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *."

The Court determined that the said Rule 7 was valid because the constitutional provision was designed to confer a right or privilege upon the person, and the right or privilege could be waived. The Court wrote:

"It seems thoroughly established that an intelligent accused may waive any constitutional right that is in the nature of a privilege to him, or that is for his personal protection or benefit."

The Court further wrote:

"It may be noted in passing that the language of the pertinent part of the amendment is that 'No *person* shall be held to answer'—not that 'No *court* shall hold any person to answer,' as would likely have been the language had the provision been intended to be a limitation on the jurisdiction or the power of the court instead of a privilege for the protection of the individual. * * *" 162 F.2d at 594.

In Smith v. United States, 360 U.S. 1, 6, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959), the United States Supreme Court held that where the offense as alleged was a capital offense the waiver of an indictment was invalid. The Court did cite *Barkman* with approval, noting that federal constitutional

guaranty of an indictment may be waived in a non-capital case.[2] It would now appear that the constitutionality of the federal waiver provision has been well settled.[3]

Thus it may be seen that the federal constitutional provision is not a limitation upon the jurisdiction of federal courts in non-capital felony cases where there is compliance with the Federal Rules of Criminal Procedure. Edwards v. United States, 265 F.2d 909 (6th Cir. 1959).

And further the waiver of an indictment in a state prosecution is not precluded by the requirement of an indictment under the Fifth Amendment to the Federal Constitution or by the due process clause of the Fourteenth Amendment. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 583, 59 L.Ed. 969 (1915); People v. Bradley, 7 Ill.2d 619, 131 N.E.2d 538 (1956); Heath v. State, 198 Md. 455, 85 A.2d 43 (1951).

In Martin v. Beto, 397 F.2d 741, 746 (5th Cir. 1968), it was stated:

"In the present state of the law, the grand jury requirements of the Fifth Amendment are held not binding on the states by virtue of the Fourteenth Amendment. Hurtado v. People of State of California, * * *; Kennedy v. Walker, 1949, 337 U.S. 901, 69 S.Ct. 1046, 93 L.Ed. 1715, * * *; Beck v. Washington, 1962, 369 U.S. 541, 545, 579, 82 S.Ct. 955, 8 L.Ed.2d 98, * * *; Malloy v. Hogan, 1964, 378 U.S. 1, 4, n. 2, 84 S.Ct. 1489, 12 L.Ed.2d 653. * * *"[4] (citations partially omitted)

2. See, infra note 10.

3. See, e. g., Brooks v. United States, 351 F.2d 282 (10th Cir. 1965), cert. den., 383 U.S. 916, 86 S.Ct. 907, 15 L.Ed.2d 670; Boyes v. United States, 298 F.2d 828 (8th Cir. 1962), cert. den., 370 U.S. 948, 82 S.Ct. 1595, 8 L.Ed.2d 814; Rawls v. United States, 162 F.2d 798 (10th Cir. 1947), cert. den. 332 U.S. 781, 68 S.Ct. 47, 92 L.Ed. 364; United States v. Martin, 8 F.R.D. 89 (W.D.S.C.1948), aff'd, 168 F.2d 1003 (4th Cir. 1948). See generally 1 Wright, Fed.Pract. &

Proc. § 122 at 214–15; 1 Antieau, Modern Con.Law § 5:12 at 298 and cases cited.

4. See also State v. Reinosa, 29 Conn. Sup. 117, 274 A.2d 452 (1970); Zimmer v. State, 206 Kan. 304, 477 P.2d 971 (1970). It would appear though the accused has a right under the Fifth and Fourteenth Amendments to be adequately informed of the nature of the charges against him. Williams v. Missouri, 317 F.Supp. 338 (W.D.Mo.1970).

*Other Jurisdictions*

*Texas*

Among the other states with similar constitutional provisions as those of Texas there is a split of authority as to whether the provision is jurisdictional or is a right or privilege that may be waived where there is a rule or statute providing for the filing of an information.[5] It is observed that Texas has been classified among the states where an indictment is jurisdictional and not waivable.[6] The trend would seem to be in favor of the rule of waivability where a different conclusion is not clearly required by the terms of the provision in question.[7]

The rule forbidding the waiver of indictment appears to rest upon two principal reasons: First, that such formal accusation is jurisdictional and cannot be waived under the general proposition that jurisdiction of the subject matter cannot be conferred by the consent of the parties; and second, that being a fundamental constitutional right the state as well as the individual has an interest therein and its interest cannot be waived by the individual. 4 Wharton's, Crim.Law & Proc. § 1727 at 513.

With that background, we now turn to a discussion of our own constitutional provision.

It would appear that the requirement that felonies be prosecuted by indictment has been followed in Texas since the outbreak of the revolution against Mexico. The *Consultation* held in San Felipe de Austin, October 15 to November 14, 1835, in its Plan and Powers of A Provisional Government, Art. VII, declared that:

"All trials shall be by jury; and, in criminal cases, the proceedings shall be regulated and conducted upon the principles of the common law of England, and the penalties prescribed by said laws, in case of conviction, shall be inflicted * * *." 1 Laws of Texas 540 (Gammel 1898).

The action of the Consultation resulted in the adoption of the procedural as well as the substantive aspects of the common law. The Constitution drafted by the Convention that met at Washington on the Brazos on March 1, 1836, and the statute adopted on December 21, 1836, confirmed the action of the Consultation but added nothing to it. *Id.* at 1074, 1255.

The word "indictment" was first used in the Constitution of 1845. Article I, Sec. 8, thereof provided in part: " * * * And no person shall be holden to answer for any criminal charge, but on indictment or information, except in cases arising in the land or naval forces, or offenses against the laws regulating the militia." [8]

---

5. Annot., Right, Under Statute or Otherwise to Waive Indictment, Information or Other Formal Accusation, 61 A.L.R. 797 (1929), *superceded in* 56 A.L.R.2d 837 (1957); Annot., Power of Court to Make or Permit Amendment of Indictment with Respect to Allegations as to Place, 14 A.L.R.3d 1335 (1967); 42 C.J.S. Indictments & Informations § 9c at 849.

6. Annot., 56 A.L.R.2d at 844.

7. *Id.* at 839; 41 Am.Jur.2d, Indict. & Info. § 4 at 883.

8. The Legislature, acting under such document, simplified the use of the indictment by abolishing some of the techni-

calities which attended its use at common law. Texas Laws 1854, c. 49, Sec. 66, 3 Laws of Texas 1502 (Gammel 1898).

When in August, 1856, a Penal Code and Code of Criminal Procedure based on the work of Edward Livingston were adopted, the common law indictment was retained omitting Livingston's forms. It would appear that the retention was a compromise to win the votes of the conservative members of the Legislature and prevent defeat of the whole project. In this 1856 enactment the indictment was defined and its requisites prescribed, which requisites for a valid indictment are substantially the same today. See the 1881 "Common Sense Indictment

This same language was used in the Constitution of 1861 and 1869. It was in the present Constitution of 1876 that current language regarding the requirement of an indictment was first employed. Such language was not changed by the amendment to Section 10 of Article I adopted on November 5, 1918. See H.J.R. No. 2, 1917, 35th Leg., p. 502.

In Lott v. State, 18 Tex.App. 627 (1885), and Rainey v. State, 19 Tex.App. 479 (1885), the court clearly held that the 1876 constitutional provision was jurisdictional and the district court was powerless to try a felony case save upon an indictment, and a valid one at that.[9] Both these cases involved indictments returned by 13 men grand juries and no objection was interposed until the motion in arrest of judgment or the question raised for the first time on appeal. *Rainey* is clearly the stronger of the two cases. *Rainey* stated that " 'No man can, by express consent,

confer jurisdiction upon the court to try him for crime.' " 19 Crim.Rep. at 486. The court then added a now rather interesting statement when it said, " 'The doctrine of waiver has nothing to do with criminal prosecutions.' "[10]   *Id.* at 486. And near the conclusion of the opinion the court stated, "We therefore conclude that the Legislature, if disposed, has no power to invest the courts of this state with jurisdiction to try felony cases, save in the manner prescribed in the Constitution * * *." *Id.* at 487.

And many other cases have held that an indictment by a grand jury is essential to a valid trial.[11]   In Hollingsworth v. State, 87 Tex.Cr.R. 399, 221 S.W. 978, 979 (1920), it was written that "It is a definitely settled proposition by the Constitution, statutes and the decisions that no citizen of Texas can be tried for a felony, except upon an indictment presented by a grand jury. Bill of Rights, § 10."[12]

Act," 9 Laws of Texas 152 (Gammel 1898). See Articles 21.11–21.19, V.A. C.C.P. See also Wilkinson, Edward Livingston and the Penal Codes, 1 Tex.L. Rev. 25 (1922); Potts, New Rules of Criminal Procedure—A Suggestion, 23 Tex.L.Rev. 215, 221 (1945); Johnson, Waiver of Indictment in Texas, 1 Texas Law and Legislation 22, 25 (1947). (See Vol. I, Southwestern Law Journal.)

9. See also 30 Tex.Jur.2d, Indict. & Info. § 2 at 533.

10. The reason for such statement is best explained in Hack v. State, 141 Wis. 346, 351, 352, 124 N.W. 492, 494, 45 L.R.A., N.S., 664 (1910), where the Wisconsin Supreme Court said:
"The ancient doctrine that the accused could waive nothing was unquestionably founded upon the anxiety of the courts to see that no innocent man should be convicted. It arose in those days when the accused could not testify in his own behalf, was not furnished counsel, and was punished, if convicted, by the death penalty, or some other grievous punishment out of all proportion to the gravity of his crime. Under such circumstances, it was well, perhaps, that such a rule should exist, and well that every technical requirement should be insisted on, when the state demanded its need of blood. * * *

"Thanks to humane policy of the modern criminal law we have changed all these conditions. * * *
"The reasons which in some sense justified the former attitude of the courts have therefore disappeared, save perhaps in capital cases * * *."

11. Ex parte Krarup, 422 S.W.2d 173 (Tex.Cr.App.1967); Kennedy v. State, 161 Tex.Cr.R. 303, 276 S.W.2d 291 (1955); Turpin v. State, 86 Tex.Cr.R. 96, 215 S.W. 455 (1919); Turman v. State, 81 Tex.Cr.R. 320, 196 S.W. 181 (1917); Ethridge v. State, 76 Tex.Cr. R. 41, 172 S.W. 784 (1915); Ex parte Nitsche, 75 Tex.Cr.R. 131, 170 S.W. 1101 (1914); Kinley v. State, 29 Tex. App. 532, 16 S.W. 339 (1891); Graham v. State, 43 Tex. 550 (1875). See generally 30 Tex.Jur.2d, Indict. & Info. § 7 at 542.

12. In *Hollingsworth* there was an indictment. It had been lost or misplaced and was not transmitted to the court where venue had been changed.
See also Ex parte Nitsche, supra note 11; Solis v. State, 418 S.W.2d 265, 269 (Tex.Civ.App.—San Antonio 1967, no writ); Reasoner v. State, 463 S.W.2d 55 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.).

Certainly the proposition of law stated in these cases was correct under the Constitution and statutes in effect at the time, though in some of the cases the statement was not essential to the decision reached.

■ In the absence of statute or rule providing for filing of information, a waiver of indictment would not confer power on a court to hear a felony case on information. United States v. Choate, 276 F.2d 724 (5th Cir. 1960); Webb v. Henlery, 74 S.E.2d 7 (Ga.1953).

### Consideration of the Statute

In considering whether the constitutional guaranty may now be waived in light of the new statute, we should consider the framework in which the guaranty is found. We observe that the framers of all our state constitutions have included the guaranty within the rights of an accused in a criminal prosecution, i. e., right to speedy trial by impartial jury, right to counsel, the privilege against self-incrimination, right of confrontation of witnesses, etc.

And interestingly enough the right to trial by jury so guaranteed by the same provision was once held so sacred it could

not be waived. Taylor v. State, 197 S.W. 196, 197 (1917). For many years the waiver of a jury trial in felony cases was forbidden. See Article 11, V.A.C.C.P. of 1925. In 1930 the United States Supreme Court held that the right to trial by jury could be waived. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), and subsequently the Legislature enacted Article 10a and amended Articles 11 and 12, V.A.C.C.P. 1925 (Acts 1931, 42nd Leg., Chpt. 43, p. 65) which permitted a jury waiver in felonies less than capital where a guilty plea was entered. Said Article 10a was held constitutional in McMillan v. State, 122 Tex.Cr.R. 583, 57 S.W.2d 125 (1933).[13] The statutes involved have become Articles 1.13, 1.14 and 1.15, V.A.C.C.P., 1965, and apply to felonies less than capital regardless of the plea entered. The right to waive trial by jury would seem to be quite as grave in consequences as the right to waive an indictment by a grand jury who can only decide as to probable cause. Tuttle v. State, 158 Me. 150, 180 A.2d 608, 611 (Me.1962).

And it is clear that the right to counsel,[14] the right of confrontation of witnesses,[15] the privilege against self-incrimination,[16] a plea of former jeop-

13. See also Randel v. State, 219 S.W.2d 689 (Tex.Cr.App.1949); Ex parte Wood, 129 Tex.Cr.R. 422, 87 S.W.2d 487 (1935); Hardin v. State, 57 S.W.2d 127 (Tex.Cr.App.1933); Bolton v. State, 123 Tex.Cr.R. 543, 59 S.W.2d 833 (1933).

14. See, e. g., Carey v. State, 455 S.W.2d 217 (Tex.Cr.App.1970); Sanchez v. State, 454 S.W.2d 210 (Tex.Cr.App. 1970); Wiley v. State, 431 S.W.2d 550 (Tex.Cr.App.1968); Neal v. State, 400 S.W.2d 550 (Tex.Cr.App.1966); Gallegos v. State, 425 S.W.2d 648 (Tex.Cr.App. 1968); McKee v. State, 118 Tex.Cr.R. 479, 42 S.W.2d 77 (1931).
   See also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

15. Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948). See also Diaz

v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1913); Griffith v. State, 391 S.W.2d 428 (Tex.Cr.App. 1965); Salas v. State, 385 S.W.2d 859 (Tex.Cr.App.1965); Hernandez v. State, 378 S.W.2d 311 (Tex.Cr.App.1964); Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W. 2d 128 (1957), cert. den. Clark v. Ellis, 354 U.S. 913, 77 S.Ct. 1299, 1 L.Ed.2d 1429.

16. See, e. g., Taff v. State, 407 S.W.2d 502 (Tex.Cr.App.1966); Mercer v. State, 163 Tex.Cr.R. 289, 290 S.W.2d 248 (1956); Lee v. State, 148 Tex.Cr.R. 220, 185 S.W.2d 978 (1945); Long v. State, 120 Tex.Cr.R. 373, 48 S.W.2d 632 (1932); Ex parte Adams, 76 Tex. Cr.R. 277, 174 S.W. 1044 (1915).
   See also United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210 (1931); Powers v. United States, 223 U.S. 303, 32 S.Ct. 281, 56 L.Ed. 448 (1912).

ardy,[17] the right to have a copy of the accusation,[18] and the right to compulsory process [19] may all be waived. It would appear that all rights guaranteed to an accused by the constitutional section are waivable. Cf. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Further, Article 1.14, V.A.C.C.P., provides in part:

> "The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. * * * "[20]

Appellant does not take issue with the fact that certain rights are waivable by an accused, but contends an indictment in a non-capital felony case is jurisdictional, that public fundamental rights are involved and the requirement of an indictment is to be distinguished from a right or privilege which the Legislature may permit an accused to waive. He relies principally upon the New York cases of People ex rel. Battista v. Christian, 249 N.Y. 314, 164 N.E. 111 (1928); People v. Miles, 289 N.Y. 360, 45 N.E.2d 910 (1942) and Simonson v. Cahn, 33 A.D.2d 790, 307 N.Y.S.2d 581

(1969), aff'd, 27 N.Y.2d 1, 313 N.Y.S.2d 97, 261 N.E.2d 246 (1970).[21]

In People v. Bradley, 7 Ill.2d 619, 131 N.E.2d 538, 56 A.L.R.2d 832 (Ill.1956), the Illinois Supreme Court was confronted with a similar question as the one in the instant case, and the appellant there also relied upon *Battista*. Justice Schaefer In upholding the constitutionality of the speaking for the Court was not impressed. state statute he wrote:

> "The Battista case speaks of 'public injury' which would result from permitting waiver of indictment. But it is hard to see how the public can be injured by allowing an individual to state that he neither needs nor desires the protection of formal action by the grand jury in a particular proceedings." 131 N.E.2d at 540.[22]

■ We also decline to follow the *Battista* line of cases. Even if an individual represented by counsel waives an indictment in a non-capital case in accordance with Article 1.141, supra, the prosecuting attorney need not, if he feels that the public interest or public policy is involved, file a complaint and information. Cf. Rattley v. Irelan, 90 U.S.App.D.C. 343, 197 F.2d 585 (1952). The case would then have to be presented to the grand jury. The procedure provided for would not come into

17. See, e. g., Ex parte Hunt, 118 Tex.Cr. R. 163, 40 S.W.2d 134 (1931); Trono v. United States, 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292 (1905).

18. See, e. g., Davis v. State, 149 Tex.Cr. App. 98, 191 S.W.2d 733 (1946); Gillispie v. State, 250 S.W. 681 (Tex.Cr.App. 1923).

19. Robinson v. State, 453 S.W.2d 836 (Tex.Cr.App.1970).

20. See also Simpson v. State, 141 Tex.Cr. R. 324, 148 S.W.2d 852 (1941).

21. See also People v. Hulett, 53 Misc.2d 1034, 280 N.Y.S.2d 725 (1967).
   Appellant also cites the Texas cases of Ethridge v. State, 76 Tex.Cr.R. 41, 172 S.W. 784 (1915); Davis v. State, 150 Tex.Cr.R. 463, 202 S.W.2d 943 (1947);

Adcock v. State, 212 S.W.2d 175 (Tex. Cr.App.1948), holding that an information is a necessary prerequisite to a misdemeanor prosecution in County Court and cannot be waived. We do not deem these cases controlling as to the question presented.

22. See also, e. g., People v. Harden, 78 Ill.App.2d 431, 222 N.E.2d 693 (1966); Davis v. Warden, 211 Md. 617, 125 A.2d 674 (1956); Ex parte Stephens, 171 Ohio St. 323, 170 N.E.2d 735 (1960); Commonwealth v. Phillips, 208 Pa.Super. 121, 220 A.2d 345 (1966), aff'd, 424 Pa. 641, 226 A.2d 863 (1967) (per curiam); Tuttle v. State, 158 Me. 150, 180 A.2d 608 (1962); De Golyer v. Commonwealth, 314 Mass. 626, 51 N.E.2d 251 (1943); Edwards v. State, 45 N.J.L. 419 (1883).

play unless both the accused and the prosecutor representing the State agree to utilize it. Capital felony cases are excluded. We, too, find it difficult that "public injury" would result. People v. Bradley, supra.

Under the practice that has prevailed every experienced member of the bench and bar knows and the records before this court reflect that in our smaller populated counties an accused unable to make bail and desirous of a speedy trial must languish in jail sometimes for months awaiting the empaneling of the next grand jury. Even though an accused wanted to pay his debt to society and the trial court was available, the court was powerless to act without a grand jury indictment. Neither deterrence of crime or rehabilitation of the accused was served. Even in our more heavily populated counties, i. e., Harris County, it has been necessary to keep three or four grand juries serving concurrently in various district courts in view of the volume of cases to be processed. And even this does not eliminate all delay.

The expense, delay, etc., and long need for a procedure where an indictment could be waived has been often discussed.[23] We are aware of the argument based upon the difference in the language that the other rights of the accused in the constitutional provision are expressive of an intention to confer a right and language as to requirement of an indictment is prohibitory in the form of expression.

All of the provisions are classified under "Rights of Accused in Criminal Prosecutions." The form of expression does not in our opinion alter or affect the nature of either. All of the provisions were designed for the security of the personal rights of the individual and were aptly placed under the proper heading. See Edwards v. State, supra, note 22.

We note, as did the Court in Barkman v. Sanford, supra, the drafters of the Constitution used the words "No person" instead of "No court."

It is also observed that the Interpretative Commentary to Article I, Sec. 10 of Vol. I, Vernon's Texas Constitution, p. 266, states: "This provision is substantially an affirmance of the rule of common law. The requisite of indictment by a grand jury was designed to protect an individual against unjust prosecution without sufficient cause * * *."

It would be difficult to conclude that the substantially similar federal constitutional guaranty emanating from the same source can be waived, but that the state constitutional guaranty cannot.

*Conclusion*

■ We, therefore, hold that Article 1.141, supra, is not violative of Article I, Sec. 10 of our State Constitution. We note that the Attorney General in his Opinion M–900 (July 8, 1971) has reached the same conclusion. Nothing in Article V, Sec. 8 of the State Constitution (Jurisdiction of district courts) compels a different result. See also Article 4.05, V.A.C.C. P.

Under the authority conferred by Article 1.141, supra, the trial court had jurisdiction to hear the cause, there being a valid waiver of an indictment. Insofar as Lott v. State, and Rainey v. State, supra, or any other cases that are in conflict with this decision, they are overruled to the extent of the conflict.

■ It is well to bear in mind that a felony information acts in lieu of or as a

23. See Report of the Committee on Criminal Law and Proc. 53 Proc.Tex.Bar Assn. 160 (1934); Report of the Comm. on Crim.Proc. of the Dist. Judges Assn., 3 Tex.L.Rev. 215, 221 (1945); Johnson, Waiver of Indictment in Texas, Texas Law and Legis., 1 Sw.L.J. 22 (1947); Potts, Waiver of Indictment in Felony Cases, 3 Sw.L.J. 437 (1949); Stumberg, The Accusatory Process, 35 Tex.L.Rev. 972 (1957).

substitute for an indictment and its validity is therefore essential to the court's jurisdiction. See Wells v. Sacks, 115 Ohio App. 219, 184 N.E.2d 449 (1962). If an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void. An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel. See Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629, 631 (1963). The statute provides that such waiver should be made in open court *or* by written instrument. In the instant case the waiver was entered in open court after the court had carefully advised the appellant of the nature of the charges against him and of his rights, including the right of a grand jury indictment. The appellant was represented by counsel at the time. All of this is reflected by a transcription of the court reporter's notes. It should be remembered, however, that untranscribed notes of a court reporter can be lost or misplaced, and such notes can be legally destroyed after a full year. Article 2324, Vernon's Ann.Civ.Stat.

To prevent the procedure permitted by Article 1.141, supra, from becoming a fertile breeding ground for future post-conviction habeas corpus applications, it would be better practice to have the written waiver executed in open court by the accused and his counsel,[24] after the accused has been advised of his rights by the court. The written instrument should include an admission that the accused has been advised of his rights by the court. The written instrument should include an admission that the accused has been advised of his rights, and the nature of the charge; and the instrument should be filed among the papers of the cause. The docket sheet and the judgment should also reflect the fact of the waiver and the name of the accused's counsel *at the precise time of the waiver.*

. Although the statute was designed primarily for the benefit of persons who have no defense and who desire to enter pleas of guilty or nolo contendere and begin service of their sentences without awaiting a grand jury indictment, it is not confined to such persons, and a person may plead not guilty. Where applicable the statute may well prove useful in effecting an improvement in the administration of justice.

For the reasons stated, the judgment is affirmed.

---

24. The form set forth in 1 Wright, Fed. Prac. & Proc. § 122 at 217, for use in federal courts includes a space for the signature of witnesses.