

NUMBER 13-06-585-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JUAN CARLOS LEDEZMA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 103rd District Court of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Yañez**

Pursuant to a plea bargain, appellant, Juan Carlos Ledezma, was convicted on two counts of aggravated assault. Appellant is now appealing these convictions, arguing that they should be set aside because the record reflects that, at the time he waived his right to be accused by indictment, he was not represented by counsel in a manner consistent

with article 1.051(a) of the Texas Code of Criminal Procedure.[1]  We affirm.

## BACKGROUND

On July 19, 2006, police officers from the Brownsville Police Department received a dispatch relating to an aggravated assault with a deadly weapon.  Officers spoke with the victim of the assault.  The victim identified appellant as the suspect in the assault, and provided officers with a description of appellant's vehicle.  Officers soon located the vehicle and apprehended appellant.  On July 26, 2006, the State brought a complaint against appellant, charging him with aggravated assault (two counts);[2] unlawful possession of a firearm (two counts);[3] evading arrest;[4] and possession of cocaine in an amount more than four grams, but less than 200 grams, within 1,000 feet of a school.[5]  The State sought to enhance these charges based on appellant's prior felony conviction.[6]

On July 27, 2006, the trial court appointed an attorney to represent appellant.  That same day, appellant waived (1) his entitlement to an arraignment;[7] (2) his right to be

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (Vernon Supp. 2008).

[2] *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2008).

[3] *See id.* § 46.04 (Vernon Supp. 2008).

[4] *See id.* § 38.04 (Vernon 2003).

[5] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d), 481.134(c)(1) (Vernon 2003 & Supp. 2008).

[6] *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008).

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 26.011 (Vernon Supp. 2008).  Appellant's arraignment waiver is evidenced in a document entitled, "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty."  The record evidences the trial court's discussion of appellant's waiver of arraignment. We note, however, that the record also contains a form entitled, "Arraignment," in which appellant announces that he is ready for arraignment, and enters a plea of not guilty.  Because the parties afford no attention to this document, we shall do the same.

accused by indictment;[8] (3) his counsel's entitlement to ten days of preparation time to prepare for a proceeding;[9] (4) his right to a jury trial;[10] and (5) his right to the appearance, confrontation, and cross-examination of witnesses, thus allowing the trial court to base its judgment on witnesses' written statements.[11] Pursuant to a plea bargain, appellant then pleaded guilty to the two counts of aggravated assault and true to the enhancement count. The State, in exchange, dropped the remaining charges and recommended a punishment of forty-five years' imprisonment. The trial court, having found appellant guilty on both counts of aggravated assault and having found the enhancement count true, sentenced appellant to forty-five years' imprisonment. The trial court also signed a document certifying that this was a plea bargain case, and appellant had no right of appeal.

The trial court received a pro se letter from appellant on August 25, 2006. The letter, which was written in Spanish, essentially stated that appellant had not knowingly and intelligently entered his guilty pleas. On October 6, appellant's appellate counsel requested the trial court's permission to appeal. The trial court then scheduled a hearing on appellant's "Request for Permission to Appeal" for October 26. At the hearing, appellant's counsel argued a laundry list of reasons as to why appellant's pleas should be set aside. At the conclusion of the hearing, the trial court, orally and in writing, granted appellant permission to appeal. This appeal then ensued.

## DISCUSSION

---

[8] *See id.* art. 1.41 (Vernon 2005).

[9] *See id.* art. 1.051(e) (Vernon 2005).

[10] *See id.* art. 1.13 (Vernon 2005).

[11] *See id.* art. 1.15 (Vernon 2005).

3

Appellant argues that his pleas should be set aside because the trial court did not have jurisdiction over him. Appellant's argument is largely derived from the court of criminal appeals' opinion in *King v. State*, wherein the court stated:

> It is well to bear in mind that a felony information acts in lieu of or as a substitute for an indictment[,] and its validity is therefore essential to the court's jurisdiction. If an accused has not effectively waived his right to an indictment in full accordance with the statute[,] the felony information is void. An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel.[12]

Appellant thus argues that the trial court lacked jurisdiction because the State did not secure an indictment or a valid waiver of indictment. Appellant contends that his waiver of indictment is ineffective because it was not intelligently, voluntarily and knowingly given by him while *represented by counsel*.[13] Appellant argues that being "represented by counsel" is qualified by article 1.051(a) of the code of criminal procedure, which states that "[t]he right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding."[14] Accordingly, appellant asserts that though he had counsel when he waived indictment, he was not truly *represented* by counsel because (1) he was taken, without advanced notice, to a proceeding where the State sought his waiver of indictment by leveraging a limited-time plea bargain offer against him; (2) he was provided with counsel a short time before the proceeding began; and (3) this short time was not sufficiently in advance of the proceeding to allow him to adequately prepare with counsel for the proceeding.

---

[12] *King v. State*, 473 S.W.2d 43, 51-52 (Tex. Crim. App. 1971).

[13] *See id.* at 52.

[14] TEX. CODE CRIM. PROC. ANN. art. 1.051(a).

Appellant appears to argue that the protection afforded to him by article 1.051(a) was violated in two ways: (1) he was not afforded an opportunity to meet with counsel *sufficiently in advance* of the proceeding; and (2) he and counsel were not allowed *adequate preparation* time for the proceeding. We find that the latter alleged violation subsumes the former, however, because article 1.051(a) measures what constitutes consulting with counsel sufficiently in advance by whether adequate preparation time was allowed for the proceeding. Accordingly, if an accused was allowed adequate preparation time with counsel, the accused cannot be heard to complain that he or she was not provided with the consultation of counsel sufficiently in advance of a proceeding.

Appellant has failed to demonstrate that he was not allowed time to adequately prepare for the proceeding—i.e., his waiver of indictment. First and foremost, we observe that article 1.051(a) states that the right to representation by counsel "includes the right to consult in private with counsel sufficiently in advance of a proceeding to *allow* adequate preparation for the proceeding."[15] The article only promises an accused the *opportunity* to adequately prepare for a proceeding. The record reflects that appellant was afforded an opportunity to consult with counsel prior to waiving indictment. The record does not reflect that this opportunity was abridged by anyone other than appellant, when he elected to voluntarily waive indictment, as evidenced by the record:

> THE COURT: . . . Mr. Ledezma, you are, I'm sure, aware that, in order to be prosecuted as a—for any felony offense, you have to first be indicted by the grand jury. You have not been indicted at this point.
>
> However, I've been handed a waiver of indictment where you and your lawyer are saying that you want to give up your right to wait and see if the

---

[15] *Id.* (emphasis added).

grand jury does, in fact, indict you and proceed with this particular case at this time.  Do you understand?

THE DEFENDANT:  Yes, sir.

. . . .

THE COURT:  Is it your wish to waive indictment on these [counts] and allow the [S]tate to proceed directly with these charges?

THE DEFENDANT:  Yes, sir, it is.

THE COURT:  The court is going to approve the waiver.

We further observe that there is no indication in the record that appellant did not adequately prepare with counsel for the waiver of indictment.  Appellant submitted a signed "Waiver of Indictment" to the trial court, informing the court that he had "been advised by his *attorney* and by the Court of his rights and the nature of the charge against him and his right not to be tried in this case except on the indictment of a Grand Jury."[16]  This document, with nothing in the record to call it into question, constitutes sufficient evidence of appellant's adequate preparation with counsel.  Finally, we are not persuaded by appellant's attempt to establish a lack of adequate preparation by pointing to the fact that his appointment of counsel and waiver of indictment occurred on the same day.  We find that brevity of consultation, without more, does not establish adequacy of preparation anymore than it establishes ineffectiveness of counsel,[17] or an accused's lack of

---

[16] Emphasis added.

[17] *See Walker v. Caldwell*, 476 F.2d 213, 218-19 (5th Cir. 1973) (citing a number of cases that evidence the Fifth Circuit's unwillingness to grant relief "where the petitioner attacked the effectiveness of his appointed counsel on the sole ground of the shortness of the time his counsel spent on his behalf")

understanding with regard to an entered plea.[18]  For all of these reasons, we overrule appellant's sole issue on appeal.[19]

CONCLUSION

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,<br>
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 4th day of December, 2008.

---

[18] *See Hancock v. State*, 955 S.W.2d 369, 372 (Tex. App.–San Antonio 1997, no pet.) (rejecting defendant's contention that he did not understand the charges against him or the consequences of his plea because he was unable to consult with counsel prior to the morning he entered his plea).

[19] A court cannot find, without additional information, that a defendant's brevity of consultation with counsel resulted in an unknowing and involuntary plea or waiver of rights.  A defendant could, however, seek to obtain additional information that may aid his legal challenge through a hearing on a petition for writ of habeas corpus.  The Fifth Circuit's opinions in *Walker v. Caldwell*, 476 F.2d 213, and *Colson v. Smith*, 438 F.2d 1075 (5th Cir. 1971), illustrate the type of additional information that may result in a finding that a plea or waiver of rights was entered unknowingly and involuntarily.